MARY COLLINS v. HARRISON W. JACKSON AND LEVI M. BATES.

*Evidence taken by commissioner—Verdict—Bill to set aside conveyance—Irrelevant matters.*

Objections to evidence taken by a commissioner are reserved until final hearing, and the evidence is all received; and where a verdict has been influenced by improper evidence, which has thus been admitted, a decree based thereon may be properly reversed.

A jury cannot pass upon the competency of testimony, but must consider all the testimony before them and come to a conclusion thereon.

The purchaser of goods being dissatisfied negotiated for a re-sale to the vendor, but notes which he had given fell due and he became embarrassed and made an assignment. In the course of the settlement of his affairs the vendor took back the goods and received a deed of them and gave a mortgage on them to a stranger. In later proceedings to set these aside as having been obtained by fraud, testimony to the original transfer was irrelevant except for the purpose of showing how complainant became indebted and how defendant became interested in the settlement of his debts.

Appeal from Marquette. Submitted April 28. Decided June 9.

BILL to set aside deed, and to restrain interference with complainant's possession of the premises. Defendants appeal.

*E. J. Mapes* for complainant.

*Griffin & Dickinson* for defendant Bates.

MARSTON, C. J.   Mary Collins, June 14th, 1877, filed her bill of complaint to have a certain deed of real estate, executed by her April 25, 1877, to Harrison W. Jackson, and a mortgage given thereon by Jackson to Bates, declared null and void because such deed was obtained by the grantee fraudulently.

An issue was framed in the case and submitted to a jury who found that the deed was not delivered to the grantee; that no consideration was given complainant or her hus' and for the conveyance; and that the possession of the deed was obtained by fraud.

Were it not for this finding of the jury the case would not warrant any extended discussion, as the evidence would seem to warrant no such conclusions to be drawn or found by the court.

From the testimony given in the case it appears that in November, 1876, Charles C. Collins, the husband of Mary, purchased from Mrs. Jackson of Marquette, through her husband, Harrison W. Jackson, a stock of merchandise, dry goods, millinery, etc., for a consideration as per inventory of some $26,000, and for this sum Collins

gave his notes, some of them payable to the order of Mrs. Jackson, and some of them payable to the order of certain of her New York creditors.

Soon after obtaining full possession of the stock Collins concluded that the goods were not such as had been represented, and some negotiations took place between Harrison W. Jackson. and himself, looking towards a resale to defendant Jackson on payment to him of a bonus. While such negotiations were being carried on some of the paper given by Collins became due, and, being unpaid, was sued. This, with other difficulties, actual or threatened, caused Collins to make an assignment for the benefit of his creditors.

Jackson, about the time this assignment was made, but having then no knowledge of that fact, was in New York, and certain arrangements were made with the New York creditors with a view to a settlement with Collins. Jackson returned home to Marquette, and A. D. Dickinson of Detroit, representing the firm of Levi M. Bates & Co., went to Marquette at the same time. The deed in question was drafted by Dickinson, and properly executed, with a view to a settlement. As to this there is no dispute, and the assignee turned over the entire stock of goods then on hand, together with the proceeds of sales subsequent to the assignment, less expenses, to Jackson, and received all the unpaid notes of Collins. Thus a settlement was effected and Collins released from all farther liability. The claim now made, and upon which all dispute of any consequence arises, is that after the execution of the deed in question it was handed to Mr. Dickinson for him to give Mr. Maynard, Collins' assignee, but that instead of so doing Dickinson drafted the mortgage from Jackson, the grantee named in the deed, had it executed, and on the next morning gave both deed and mortgage to Peter White to have recorded. That Dickinson received the deed, drafted the mortgage, had it executed, and handed them to White for record, is admitted; and it is claimed that this was with the

full knowledge and consent of the grantors, and in accordance with the previous agreement under which the setlement and delivery up of Collins' notes was made.

We have no doubt whatever, from the evidence in the case relevant to this question, but that the deed was delivered to Dickinson for the grantee named therein, and as a part of the settlement afterwards made. The clear weight of testimony shows such to have been the fact.

How came the jury to find otherwise? This is very easily answered. Under our practice, whether the evidence is taken before a circuit court commissioner or in open court, all objections made to the competency, materiality or relevancy of the testimony offered must be reserved until the final hearing. This avoids sending the case back because of the rejection of evidence which the circuit or appellate court might consider proper and material. That such practice enables counsel, sometimes in good faith, to offer and introduce evidence clearly incompetent there is no doubt; but as the evidence must be passed upon by the court, no harm is done, except in the matter of costs, which the court can generally so regulate as to prevent any very great abuse of the practice.

It is very different, however, with a jury. When they retire to deliberate they cannot pass upon the competency of the evidence in the case; they can but consider and come to a conclusion from all the evidence before them. The issue in this case confined the testimony to somewhat narrow bounds. The sale of the stock of merchandise to Collins in November previous, and especially whether Collins was then defrauded in making that purchase, could have no legitimate bearing upon the question in issue and could throw no light whatever upon that transaction. Beyond the mere fact that such a sale was made, for the purpose of showing how Collins' indebtedness was created, and Jackson's interest, as an indorser or as being originally liable to

the New York creditors, for the purpose of showing how he came to be interested in a settlement, that transaction, occurring some five months previous, should not have been gone into. We can very easily see from the character of the testimony the influence and effect it would inevitably have upon the jury. A verdict based in whole or in part upon such testimony would be entitled upon the final hearing to no weight or effect whatever.

The decree of the court below must be reversed, and the bill dismissed with costs of both courts.

The other Justices concurred.