KOVICH v. CHURCH & CHURCH, INC.

1. WITNESSES—OPPOSITE PARTY—CROSS-EXAMINATION—PURPOSE OF STATUTE.

Purpose of 3 Comp. Laws 1929, § 14220, is to permit the calling as a witness of the opposite party or his agent or employee with the same privileges of cross-examination and contradiction as though such witness had been called by the opposite party.

2. SAME—EMPLOYEE OF OPPOSITE PARTY—CONVERSION—ATTACHMENT.

In action for conversion of rhubarb roots, plaintiff's vendor was properly called as her employee by defendants under 3 Comp.

Laws 1929, § 14220, where employment relation existed at time of defendants' attachment of roots as vendor's property although he was not so employed at time of sale or trial.

3. SAME — CROSS-EXAMINATION — MATERIAL MATTERS — IMMATERIAL MATTERS.

In action by vendee of rhubarb roots for their conversion by defendants who attached them as vendor's property, cross-examination of vendor under 3 Comp. Laws 1929, § 14220, as to consideration for transfer, plaintiff's good faith and other matters material to the issue was proper, but persistent and extended inquiry into irrelevant and immaterial matters such as his dealings with predecessor in title, mortgage foreclosure proceedings and transactions with defendant and impeachment as to such immaterial matters *held*, error.

4. EVIDENCE—SALES—SUBSEQUENT STATEMENTS BY VENDOR.

Statements by vendor subsequent to sale are not binding upon vendee where made without latter's knowledge or consent.

5. SAME—CONVERSATIONS AS TO SALE.

In action by vendee of rhubarb roots for their conversion by defendants who attached them as vendor's property, conversation between third party and vendor's wife, also a vendor, as to alleged fraudulent transfer to plaintiff not made in her presence *held*, incompetent.

6. ATTACHMENT—RECORD OF SALE—EVIDENCE—INSTRUCTIONS.

In action by vendee of rhubarb roots for their conversion by defendants who attached them as vendor's property, introduction of evidence that a search of the records of the township clerk failed to produce any record of their transfer to plaintiff was error, especially where jury was not instructed that such recording was unnecessary to pass title to personal property.

7. APPEAL AND ERROR—PREJUDICE—ERRONEOUS ADMISSION OF TESTIMONY—NEW TRIAL.

A new trial is ordered where record discloses persistence on part of defendant's counsel in introduction of inadmissible testimony and compelling plaintiff's counsel to prejudice his case by continually making objections, although it is impossible to say what effect erroneous admission of testimony may have had on the verdict.

Appeal from Macomb; Spier (James E.), J. Submitted April 25, 1934. (Docket No. 36, Calendar No. 37,698.) Decided June 4, 1934.

Action by Anna Kovich against Church & Church, Incorporated, a Michigan corporation, and others for conversion of a quantity of rhubarb roots. Verdict and judgment for defendants. Plaintiff appeals. Reversed, and new trial ordered.

*John R. Rood,* for plaintiff

*George W.* and *Clifford A. John,* for defendants.

EDWARD M. SHARPE, J. This is a suit for conversion of 12,000 rhubarb roots valued at $3,000 seized by the defendants on attachment against plaintiff's grantor, Joseph Milinkovi, in a suit by Church & Church, Inc.

In May, 1928, Joseph Milinkovi and wife purchased a 40-acre farm in Sterling township, Macomb county, from a Mr. Fischer, giving in return a mortgage on said farm in the sum of $10,500. From 1929 to April, 1931, Joe Milinkovi purchased lumber, etc., from defendant corporation and at the end of April, 1931, owed a balance of $1,300. Nothing has been paid on defendant's bill since.

December 1, 1931, Joe Milinkovi and Margaret Milinkovi, his wife, gave plaintiff, Margaret's mother, a quitclaim deed of the 40-acre tract together with all tools, stock, produce and equipment, the alleged consideration being the cancellation of a loan of $1,000 made by plaintiff to Joe Milinkovi in September, 1928, and a further loan of $1,150 in March, 1929. The next day plaintiff moved upon the farm and on the same day recorded the deed

as above. Joe Milinkovi and his family continued
to live on the farm and Joe continued to manage the
growing of the rhubarb thereon, claiming to have
been hired by plaintiff at $15 a month. The farm
was foreclosed and sold December 12, 1931, but the
two families continued to live thereon until the
equity of redemption expired when plaintiff moved
to another farm and Joe took his family to Detroit.

On February 10, 1932, the defendants attached
the rhubarb roots included in the above transfer as
the goods of Joe Milinkovi, and upon their refusal
to release the levy upon plaintiff's demand, the
plaintiff on February 16, 1932, began this suit for
conversion. The first trial resulted in a judgment
for plaintiff and a new trial was granted. On the
second trial, in March, 1933, a judgment was ren-
dered for the defendant from which plaintiff ap-
peals.

Plaintiff alleges that the trial court committed
error in the following particulars: (1) in permitting
the defendants to call Joe Milinkovi for cross-
examination under the statute, since he was not a
party to the suit nor in the employ of plaintiff on
December 1, 1931, when the transfer occurred, or at
the time the case was tried; (2) in permitting de-
fendants to impeach the testimony of Joe Milinkovi;
(3) in permitting proof of dealings of Joe Milinkovi
with other creditors than plaintiff; (4) in permitting
impeachment of plaintiff's title by declarations of
her vendors made after sale to her; (5) in permit-
ting proof of lack of record of the transfer of per-
sonal property.

Defendants claim that the transfer of the prop-
erty from Joe Milinkovi and his wife to plaintiff,
made while Joe was insolvent, was without consider-
ation and in fraud of creditors.

The statute permitting cross-examination of the opposite party is as follows (3 Comp. Laws 1929, § 14220):

"Hereafter in any suit or proceeding in any court of law or equity in this State, either party, if he shall call as a witness in his behalf, the opposite party, employee or agent of said opposite party, or any person who at the time of the happening of the transaction out of which such suit or proceeding grew, was an employee or agent of the opposite party, shall have the right to cross-examine such witness the same as if he were called by the opposite party; and the answers of such witness shall not interfere with the right of such party to introduce evidence upon any issue involved in such suit or proceeding, and the party so calling and examining such witness shall not be bound to accept such answers as true."

The purpose of this statute is to permit the calling as a witness of the opposite party or his agent or employee with the same privileges of cross-examination and contradiction as though such witness had been called by the opposite party. Joe Milinkovi was properly called by the defendants under this statute, since he was, according to plaintiff's version of the facts, employed by her at the time of the attachment although not at the time of the transfer or trial.

While the statute permits contradiction of a witness called under this statute, it does not enlarge the latitude of cross-examination beyond matters material to the case.

"Whatever latitude is proper in cross-examination to test the veracity, it cannot properly introduce independent issues against the person who is both witness and respondent." *People* v. *Pinkerton,* 79 Mich. 110, 114.

"In the investigation of fraud, it is usual to permit a wide range of investigation of matters which will throw light upon the questions at issue; but irrelevant testimony is no more admissible in trying questions of fraud than in any other investigation or trial of civil actions at law." *Wessels* v. *Beeman,* 87 Mich. 481, 485.

Joe Milinkovi was properly cross-examined on matters material to the issues, *i.e.,* the consideration for the transfer to plaintiff and plaintiff's good faith (where such evidence was not inadmissible by other rules). But to extend the inquiry into transactions such as Joe's dealings with Fischer, the man from whom he purchased the farm in May, 1928, and matters incidental to the foreclosure of the Fischer mortgage; the dealings that he had with defendants, such as the purpose for which the materials were purchased and the reason why he could not pay for them; his business relations with the DeBeaussaerts to whom he was indebted; and the introduction of testimony by defendants to impeach that given by Joe, largely upon matters immaterial to the issue, was error that may have affected the jury.

It is also well settled that a vendee is not bound by statements made by his vendor subsequent to the sale without his knowledge or consent. *Buckingham* v. *Tyler,* 74 Mich. 101; *Jacobs* v. *Queen Ins. Co. of America,* 195 Mich. 18; *Reichel* v. *Schneider & Brown Lumber Co.,* 226 Mich. 24. Under this rule the conversation between Emma DeBeaussaert and Joe's wife (one of the vendors) relative to the alleged fraudulent transfer to plaintiff and not made in the presence of plaintiff was not competent testimony and was erroneously admitted.

Counsel for plaintiff complains of a ruling of the trial court in permitting the defense to introduce

evidence that a search of the records of the township clerk failed to produce any record of the transfer of the personal property to plaintiff. This was error and served no purpose other than to create a doubt in the mind of the jury as to the validity of the transfer. The jury should have been instructed that the recording of any instrument of sale is unnecessary to pass title to personal property.

While the statute prohibits reversals or new trials for improper admission or rejection of evidence unless it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice (3 Comp. Laws 1929, § 15518), it is impossible to determine in this case what effect the erroneously admitted testimony may have had on the verdict of the jury. The record discloses throughout a persistence upon the part of counsel for the defense in asking questions that were irrelevant and immaterial to the issue involved, thus compelling plaintiff's counsel to make continual objections. The effect of this action may have been to depreciate the plaintiff's case in the minds of the jury.

"A verdict based in whole or in part upon such (inadmissible) testimony would be entitled upon the final hearing to no weight or effect whatever." *Collins* v. *Jackson,* 43 Mich. 558, 562.

For the errors pointed out the judgment must be reversed and a new trial ordered. Costs to plaintiff.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred.