DAVID W. RUST ET AL., EX'RS V. FRANK BENNETT ET AL.

*Evidence of facts known to deceased opponent—Comp. L., § 5968—Estoppel in pais.*

A corporation is distinct from the corporators, and in a suit brought by the estate of a deceased person against a private corporation the corporators are not precluded from testifying to matters equally known to deceased.

Where an estoppel *in pais* is relied on, the facts that support it must be clearly made out.

Appeal from Saginaw. Submitted October 17. Decided October 31.

FORECLOSURE. Complainants appeal.

*John J. Wheeler* for complainants. The rule that a party cannot testify to facts equally known to a deceased opponent applies to all nominal parties to the record, *Blood v. Fairbanks*, 50 Cal., 420; *Wood v. Stafford*, 50 Miss., 370; *Woods v. De Figaniere*, 16 Abb. Pr., 1; *Bank of Oldtown v. Houlton*, 21 Me., 501.

*C. C. Fuller* and *Taggart, Simonds & Fletcher* for defendants. In an action by a corporation against the representatives of a deceased party, the stockholders are not parties, and so incapable of testifying to facts equally known to decedent, *Downes v. Maryland R. R.*, 37 Md., 100.

COOLEY, J. Two questions are made upon this record; one of law and one of fact.

The question of law is whether, in a suit brought in behalf of the estate of a deceased person to which a private corporation is defendant, it is competent for the corporators to testify in behalf of the corporation to facts which, if true, were equally within the knowledge of the deceased. The question arises under the statute

39 MICH.—66.

making parties witnesses generally, with a few exceptions, and which we have had occasion to interpret and apply in several cases. *Kimball v. Kimball*, 16 Mich., 211; *Wright v. Wilson*, 17 Mich., 192; *Wheeler v. Arnold*, 30 Mich., 304; *Twiss v. George*, 33 Mich., 253.

We have no doubt the corporators may so testify. It is only parties to the suit the statute renders incompetent, and a corporator and the corporation are distinct persons, not in a legal sense identical at all. *Talbot v. Scripps*, 31 Mich., 268; *Hanson v. Donkersley*, 37 Mich., 186.

The question of fact is whether Aloney Rust, the testator of complainants, in conversations with persons interested in the Big Rapids Improvement & Manufacturing Company, gave them to understand that a certain real estate mortgage held by him had been paid, and thereby induced them to purchase and pay for the land described in it. The circuit court found that he did, and that consequently he was estopped from foreclosing it as against the corporation.

Upon this question the court has not been able to agree. We agree that when an estoppel *in pais* is relied upon, the facts which support it should be clearly made out; and some of us think that is not the case here. But as a majority do not agree in that conclusion, the decree will be affirmed, but without costs.

The other Justices concurred.