PAYNE *v.* PAYNE.

1. ESCROWS—DEEDS—DELIVERY.
    Where a deed executed by a father and mother conveying land to a son was placed with the register of deeds "to be. held in escrow subject to the order of either, but, at the death of both, to be delivered to the grantee," there was no valid delivery in escrow.

2. ESTOPPEL—ALLEGATIONS SUPPORTING ESTOPPEL NOT SUSTAINED BY PROOF.
    In a suit by a son against his father and sister to establish his title to land, allegations of statements by his father and mother to the effect that a deed of the land to him had been made by them and placed in escrow, that he had been led to believe he was the owner, and that in reliance thereon he took possession and improved the premises, and that defendants were therefore estopped from disputing his title, *held*, not sustained by the proofs.

3. SAME—EQUITY—ESTOPPEL NOT ALLOWED WHERE INEQUITABLE TO DO SO.
    It would be inequitable to allow a son to take title to land worth over $10,000, as against his father, because of

¹Escrows, 21 C. J. § 13; ²Estoppel, 21 C. J. § 269; ³Id., 21 C. J. § 120.

slight improvements made thereon by the son in reliance upon his belief that he was the owner.

4. SAME—CONDUCT COMPLAINED OF MUST BE TO OTHER'S DISADVANTAGE.

It is a rule of estoppel *in pais* that the conduct complained of must have induced another to act to his serious disadvantage, and that his situation in consequence thereof must have changed.

5. SAME — FACTS SUPPORTING ESTOPPEL MUST BE CLEARLY MADE OUT.

If an estoppel *in pais* is relied on, the facts that support it must be clearly made out.

6. SAME—FACTS INSUFFICIENT TO SUSTAIN ESTOPPEL—NO DISADVANTAGE SHOWN.

Where plaintiff relied on estoppel to establish his title to land, but it appears that his income therefrom amounted to over $1,500 a year for five years, that he did not even pay the taxes, and that although he claims to have made improvements, the cost thereof is not shown, the facts are insufficient to sustain his claim of estoppel.

Appeal from Newaygo; Barton (Joseph), J. Submitted October 18, 1927. (Docket No. 37.) Decided February 14, 1928.

Bill by Allen E. Payne against Elijah L. Payne and another to quiet title to land, to set aside a deed, for an accounting, and an injunction. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*William J. Branstrom,* for plaintiff.

*Corwin, Norcross & Cook,* for defendants.

NORTH, J. For some time prior to March 28, 1919, Elijah L. Payne and his wife, Elizabeth S. Payne, owned as tenants by entirety certain lands located on the S. E. ¼ of section 10 of Lilley township, Newaygo

---

[4]Estoppel, 21 C. J. §§ 134, 136; [5]Id., 21 C. J. § 269; [6]Id., 21 C. J. § 269.

county, Michigan. On that date they executed a deed of substantially 34 acres of this land, in which deed their only son, Allen E. Payne, the plaintiff herein, was named as grantee. They deeded the remaining portion to their only daughter, Vernnie Almeda Wilson. The plaintiff was present when these deeds were prepared by the scrivener and signed by the grantors. The daughter was not present. As soon as the deeds were signed they were given by the scrivener to the father, Elijah L. Payne. The plaintiff testified on direct-examination:

"They (his parents) made the statement * * * that they would place those (the deeds) in escrow for keeping until their death; that they would have no more to do with it and so it would be settled while they had health and presence of mind to do so. * * * They signed the deeds. After the deeds were signed my father took them and supposed to be delivered here to White Cloud to be left for safe keeping."

They stated they would have

"nothing more to do with the property, deeded equally between us so it would save probating and administering, just simply when they were done with it it would drop into our hands without any trouble."

The father retained possession of the deeds until February 16, 1920, at which time, without the knowledge of any of the other parties, he placed them in the possession of Mr. Charles E. Phillips, who was then register of deeds of Newaygo county. It is not claimed the deeds were left for the purpose of being recorded at that time. Mr. Phillips made a memorandum in writing, which is defendants' Exhibit 1, and which is as follows:

"WHITE CLOUD, MICH.
"February 16, 1920.
"Received of Elijah L. Payne, two warranty deeds executed by himself and wife, Elizabeth S. Payne, to

be held in escrow, subject to the order of either, but at the death of both to be delivered to the grantees named in each deed, respectively.

"CHAS. E. PHILLIPS,
"Register of Deeds."

It does not appear in the record very conclusively whether Mr. Phillips delivered this paper to Mr. Payne as a receipt for the deeds or whether he retained it as a memorandum incident to his possession of the deeds, but it is probable he retained it.

Elizabeth S. Payne died in October, 1922. On December 7, 1922, Elijah L. Payne and his daughter went to White Cloud and received from Mr. Charles Phillips the two· deeds previously deposited with him. The one running to the daughter was delivered to her by her father, and by her left for record with the register of deeds. The other deed running to the plaintiff was retained by the father and later destroyed by him. On the 16th day of April, 1926, Elijah L. Payne executed and delivered to his daughter Vernnie Almeda Wilson, a deed of about 14 acres of the land included in the deed of March 28, 1919, in which the plaintiff had been named as grantee. This deed to the daughter was recorded June 2, 1926.

In his bill of complaint, the plaintiff alleges he is the owner in fee simple of the N. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of said section 10, containing 40 acres more or less, claiming title thereto through the deed signed by his parents, which deed, he alleges, was "left in escrow with the register of deeds in the year 1919." He has made his father and sister defendants, and charges that, "conspiring together, they had caused one of the deeds left in escrow, viz., the deed to Vernnie Almeda Wilson, to be recorded, and the other deed, left in escrow, conveying the premises to the plaintiff, to be destroyed;" and also that the father has sought by the deed of April 16, 1926, to convey

to the defendant Mrs. Wilson land theretofore deeded to plaintiff. He prays that he be decreed to be the owner of the land described in the deed dated March 28, 1919, that the deed from the father to Mrs. Wilson of the 14 acres be declared null and void, and that the defendants be restrained from interfering with his possession. The relief sought was granted in the circuit, and the defendants have appealed.

The major question in this case is this: Was there a valid delivery of the deed through which plaintiff claims title? Plaintiff does not claim delivery at the time the deed was executed; but he does claim that there was a valid delivery in escrow to Mr. Phillips, and that in any event the defendants, because they knew of his being in possession of the land and making improvements thereon while relying on his ownership thereof, are estopped from questioning his title.

Was there a valid delivery of the deed in escrow? Clearly there was not. Mr. Phillips' memorandum (defendants' Exhibit 1) is quite conclusive on this issue. Only two witnesses could have had any direct information relative to this question—Mr. Charles E. Phillips and Elijah L. Payne. The former had no recollection whatever of the transaction except as it came from his written memorandum, and the latter denied throughout his testimony that he ever intended to release his control of this deed. There is some proof that Elijah L. Payne made statements to the contrary; but notwithstanding this, from the record as a whole we are satisfied his contention relative to retaining control of the deed is correct.

Estoppel. The only ground of estoppel that the plaintiff can assert under this record is his claim that after the deeds were executed by his parents they informed him that said deeds had been delivered to the register of deeds

"with instructions to record the same at the death of

said Elijah L. Payne and Elizabeth S. Payne; \* \* \* that they have always led him to believe that he was not only the owner of said premises, but that he was entitled to the use, possession, and occupancy thereof at all times;"

and, relying upon these assertions, he took possession and improved the premises. A careful reading of the record brings the conviction that these allegations are not sustained by the proof. Even if they were, it would be highly inequitable to allow the plaintiff to take title to land which he asserts in his bill is now worth over $10,000 because of the slight improvements plaintiff claims he has made thereon. The record is barren of any evidence as to the value or cost of the improvements, or to what extent some of them were made after the plaintiff knew of the change relative to the deeds. The defendant Wilson testified: "the biggest part of the clearing has been done this summer (1926)," and the testimony was not disputed. It is a rule of estoppel *in pais* that the conduct complained of must have induced another to act to his serious disadvantage, and that his situation in consequence thereof must have changed. *Maxwell* v. *Bridge Co.*, 46 Mich. 282; *Lilly* v. *Townsend*, 110 Mich. 253. Such is not shown relative to the plaintiff. He testified his permanent home had been on this farm for the last 18 years, though he had worked and lived in Muskegon a number of years in the meantime. He admitted he had been allowed to occupy and use these premises since June, 1922; and in his sworn bill of complaint he states his resort business conducted there "is worth upwards of $1,500 per year." He did not even pay the taxes on the property. It would be difficult to conclude that his use and occupation of this resort property for five seasons had been a damage to him, notwithstanding the improvements he is alleged to have made in the interim. If an estoppel *in pais* is relied on, the facts that support it must be clearly

made out.   *Rust* v. *Bennett,* 39 Mich. 521; *Bond* v. *Markstrum,* 102 Mich. 11.   The plaintiff has failed to do this.

The bill charges conspiracy on the part of the defendants, but there is no merit in this allegation.   Only one conclusion is justified by this record, *i. e.,* the defendant Elijah L. Payne and his wife attempted to make a testamentary disposition of their property by deeds.   There was no consideration for either of the deeds, and no valid delivery of the deed running to plaintiff.   His alleged title fails.

The decree of the lower court must be reversed, and a decree entered here dismissing plaintiff's bill of complaint, with costs to the defendants.

FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.