VAN HOUTEN *v*. VORCE.

1. SPECIFIC PERFORMANCE—ORAL CONTRACT TO CONVEY PROPERTY BY
   WILL.
   Court of equity has power to decree specific performance of oral
   contract to convey property by will, where established by clear
   and convincing evidence; but there must be something more
   than mere unexecuted intention to make will.

2. SAME—ORAL CONTRACTS—PART PERFORMANCE—FRAUDS, STAT-
   UTE OF.
   To warrant decree specifically enforcing oral contract to convey
   property by will, there must be meeting of minds, agreement
   based on sufficient consideration, clearly proven, and such acts
   of part performance as to remove parol agreement from
   operation of statute of frauds.

3. SAME—SUFFICIENCY OF EVIDENCE.
   Specific performance of alleged oral contract to convey property
   by will was properly denied, where it was not established by
   clear and convincing evidence.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted June 21, 1932. (Docket No. 96, Calendar
No. 36,587.) Decided September 16, 1932.

Bill by Margaret Van Houten against Barrett
Vorce and others for specific performance of an
oral contract to convey property by will. Bill dis-
missed. Plaintiff appeals. Affirmed.

*Dunham, Taylor & Allaben,* for plaintiff.

*Cornelius Hoffius,* for defendants.

POTTER, J. Plaintiff filed a bill for specific per-
formance of a parol contract to convey property

by will. From a decree for defendants, plaintiff appeals. Plaintiff claims that Mrs. Berneice B. Powers, now deceased, in her lifetime a resident of Grand Rapids, made a contract with plaintiff to leave her real estate and personal property to plaintiff by will. There is no doubt of the power of a court of equity to decree specific performance of such a contract. Such contract must be clearly and satisfactorily proven, and, when contrary to the terms of a will properly executed existing at the time the contract is alleged to have been made and permitted to remain unrevoked until the death of decedent, such contract must be established by clear and convincing evidence. The proof tends to show plaintiff was something more than a mere roomer with Mrs. Powers. She performed household duties and manual labor. She acted as a companion to Mrs. Powers, who was a large woman, advanced in years, suffering acutely from heart disease, living alone until plaintiff went to her home to live. Probably plaintiff, in rendering these services, expected to be compensated therefor. Mrs. Powers apparently attempted at least to keep account of plaintiff's contributions. She hated to part with her money. This falls short of establishing by that clear and convincing evidence required the contract alleged. After the contract is claimed to have been made, plaintiff continued to work at her employment as a waitress in a restaurant, and to pay Mrs. Powers her room rent. It is apparent plaintiff solicited Mrs. Powers to will or deed the property in question to her. Mrs. Powers would not, according to her letters, agree to do it. Mrs. Powers had executed her will. She did not revoke it; did not deed plaintiff the property; made no written contract with her, but placed her will with a friend for

safe-keeping, who produced it and it was admitted to probate. There must be something more than a mere unexecuted intention to make a will. There must be a contract, a meeting of minds, an agreement based upon a sufficient consideration, clearly proven, and such acts of part performance as to remove the parol agreement from the operation of the statute of frauds (3 Comp. Laws 1929, § 13411).

Questions relating to testimony equally within the knowledge of the deceased and waiver of the bar of the statute, by cross-examination, are raised, but not deemed important, because on the entire record we agree with the trial court, whose decree is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.