38 N.J. Super. 239 (1955)
118 A.2d 689
FRANK WEILAND, PLAINTIFF-APPELLANT,
v.
JAMES P. TURKELSON AND LILLIAN E. TURKELSON, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1955.
Decided November 9, 1955.
*248 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Leon A. Wingate, Jr., argued the cause for plaintiff-appellant (Messrs. Bennett & Wingate, attorneys).
Mr. William G. Bischoff argued the cause for defendants-respondents (Messrs. Carroll, Taylor & Bischoff, attorneys).
PER CURIAM.
The briefs on the appeal do not deal with the issues raised by the counterclaim. With respect to the remaining issues in the case, the judgment is affirmed for the reasons expressed in the opinion of Judge Goldmann in the Court below.
As Judge Goldmann indicated, when Mr. Hunter saw Arthur's Storage, Inc. erect the cinder block addition, he was, in the particular circumstances presented here, under no duty to advise it that it did not have an easement in fee in the driveway over the land. The amount spent by Arthur's Storage, Inc. for the erection of the addition was not a large sum of money; and besides Mr. Hunter and Mr. Arthur of the storage company, who were on "very friendly" terms, could both have reasonably supposed that the corporation would be permitted to continue to use the driveway for its own purposes for some time (and in fact it was permitted to do so as long as it occupied the premises) *249  whether as licensee or otherwise, we need not consider. But such indifference by Mr. Hunter, under the circumstances related by Judge Goldmann, did not justify the corporation in supposing that it had an easement in fee which it could convey to the plaintiff. For conduct to give rise to an estoppel, not only must it have induced a harmful change of position but, more than that, there must have been reasonable grounds to anticipate that it would produce that result. Bendler v. Bendler, 3 N.J. 161, 173 (1949).
Plaintiff cannot establish an interest in real property through an estoppel in pais, unless he clearly and convincingly makes out the several elements of the estoppel. Basak v. Damutz, 105 Conn. 378, 135 A. 453, 455 (Sup. Ct. Err. 1926); Coal Belt Electric R. Co. v. Peabody Coal Co., 230 Ill. 164, 82 N.E. 627, 629, 13 L.R.A., N.S., 1144 (Sup. Ct. 1907); Payne v. Payne, 241 Mich. 547, 217 N.W. 756, 758 (Sup. Ct. 1928); Coke on Littleton 352b.
What circumstances, in addition to those presented here, would suffice to establish an estoppel, we of course need not consider.
In connection with Jarman v. Freeman, 78 N.J. Eq. 464 (Ch. 1911) cited in Judge Goldmann's opinion, reference might be made to the later opinion rendered in that case, 80 N.J. Eq. 81 (Ch. 1912), reversed 112 N.J. Eq. 308 (E. & A. 1912).