## WHITE v PRODUCTION CREDIT ASSOCIATION

1. FRAUDS, STATUTE OF—ORAL CONTRACT—PERFORMANCE WITHIN A YEAR—STATUTES.

   An oral contract not to be completed within one year from its making is void under the statute of frauds (MCLA 566.132[1]; MSA 26.922[1]).

2. FRAUDS, STATUTE OF—ORAL CONTRACT—RELIANCE—DETRIMENT— EQUITABLE ESTOPPEL.

   An equitable estoppel may be raised to defeat the defense of the statute of frauds.where one has acted to his detriment solely in reliance on an oral agreement.

3. FRAUDS, STATUTE OF—ORAL PROMISE—RELIANCE—DETRIMENT—EQUITABLE ESTOPPEL.

   An equitable estoppel may be raised to defeat the defense of the statute of frauds where a plaintiff, relying upon defendant's oral promise to provide financing, installed a farm irrigation system and to his detriment granted defendant a security interest in all of his farm collateral and thereafter defendant reversed its position and refused to loan plaintiff money.

4. CONTRACTS—BREACH OF CONTRACT—DAMAGES—INSTRUCTIONS TO JURY—CIVIL CASES—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE.

   A request that the court instruct the jury in a suit for damages for breach of an oral contract that the plaintiff must prove his case by evidence which "clearly and satisfactorily convince[s] you that there was a contract between the parties" is improper

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statute of Frauds §§ 533–536.

Performance as taking contract not to be performed within a year out of the statute of frauds. 6 ALR2d 1053.

[2, 3] 73 Am Jur 2d, Statute of Frauds §§ 565, 567.

[4] 30 Am Jur 2d, Evidence § 1163 *et seq.*

75 Am Jur 2d, Trial § 754.

[5] 75 Am Jur 2d, Trial § 327 *et seq.*

[6] 22 Am Jur 2d, Damages §§ 245, 247.

37 Am Jur 2d, Fraud and Deceit § 347.

because there is no sliding scale of belief in civil cases; the burden of proof required is by the preponderance of evidence.

5. Trial—Jury—Theory of Case—Submission to Jury.

A plaintiff's theory of his case is properly submitted to a jury where the court's statement sets forth as issues only those disputed propositions of fact which are supported by the evidence.

6. Damages—Exemplary Damages—Fraud and Malice—Disregard of Party's Rights.

Exemplary damages may be allowed where elements of fraud and malice or wanton and reckless disregard of a party's rights are involved.

Appeal from Isabella, Paul F. O'Connell, J. Submitted May 3, 1977, at Lansing. (Docket No. 29175.) Decided June 8, 1977. Leave to appeal denied, 401 Mich —.

Complaint by Neil S. White against Production Credit Association to recover damages for breach of an oral contract to supply financial assistance. Judgment for plaintiff. Defendant appeals. Affirmed.

*Gray & Taylor,* for plaintiff.

*Fortino, Plaxton & Moskal,* for defendant.

Before: Danhof, C. J., and R. B. Burns and E. A. Quinnell,* JJ.

R. B. Burns, J. A jury returned a verdict in favor of plaintiff for $100,000. Defendant appeals and we affirm.

Plaintiff is a cattle farmer who has been buying, raising, and selling feeder cattle since 1960. The business requires periodic financing to cover basic operating expenses and the purchase of cattle.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant is a federally-chartered lending institution.

In the fall of 1970, James Orr, a representative of defendant, represented to plaintiff that defendant could and would provide exclusive financial assistance to plaintiff. Plaintiff accepted Orr's offer, submitted a financial statement and a loan application for $128,000. The loan was approved within two days.

Due to drought and other problems, 1970 was a poor year for plaintiff. He and Orr discussed the feasibility of irrigation and both agreed that it would be the answer to plaintiff's problem. According to plaintiff, defendant agreed to finance the irrigation project and provide financing for the balance of plaintiff's operation, including the purchase of cattle each year, for a period of 7 to 10 years, the time period anticipated to pay off the irrigation equipment loan. This irrigation loan was to be repaid in seven equal installments.

Plaintiff agreed to maintain a herd of approximately 500 cattle each year. As security for the financing, plaintiff agreed to deliver mortgages and security agreements to defendant covering all of the farm's real estate and fixtures, all crops, both present and future, all livestock on hand and to be acquired, and all machinery and equipment, including the irrigation system.

Defendant advanced the long-term loan for the irrigation project and plaintiff executed the security agreements.

Within five months, and seven months before the first payment was due, defendant reversed its position and wrote to plaintiff requesting he refinance the irrigation loan with another institution. Plaintiff was unable to acquire another source to refinance the irrigation project. Defendant then

refused to loan plaintiff money to finance the purchase of cattle for the 1972 and the 1973 seasons. Plaintiff was unable to secure other financing because all of his security was pledged to defendant. Orr admitted at trial that the only reason defendant did not finance plaintiff's cattle operations for the years 1972 and 1973 was that plaintiff did not refinance the long-term irrigation project with another lending institution.

After numerous attempts, plaintiff finally obtained FHA refinancing in March, 1974, and the obligation to defendant was paid in full, including over $25,000 in interest. During the two-year period, plaintiff was unable to purchase any cattle due to lack of financing. Testimony established that plaintiff lost $85,304 in 1972 and $34,445 in 1973.

These damages were essentially unchallenged and the jury returned a verdict for plaintiff of $100,000.

At the close of plaintiff's opening statement, defendant moved for a summary judgment on the basis that the alleged oral contract was within the statute of frauds because it could not have been completed within one year. MCLA 566.132(1); MSA 26.922(1).

Plaintiff's attorney argued that the statute did not apply because the defendant was estopped to assert the statute as the plaintiff had relied on the oral contract to his detriment.

The doctrine of equitable estoppel is set forth in 3 Williston, Contracts (3d ed), § 533A, p 796:

"Where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the Statute of Frauds."

In *Oxley v Ralston Purina Co,* 349 F2d 328, 336 (CA 6, 1965), a factually similar case, the Court quoted the aforementioned doctrine from Williston and then stated:

"We agree with the rule as above stated and believe that the Michigan Supreme Court would have applied the foregoing language had the problem in this case been before it."

The doctrine was again applied in *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416; 205 NW2d 504 (1973).

In the instant case the plaintiff relied upon the defendant's promise, installed an irrigation system and granted defendant a security interest in all of his collateral, to his detriment. It was proper for the trial judge to apply the doctrine.

Defendant also complains that the trial judge read to the jury an instruction taken from a reported case rather than use defendant's requested instruction. The instructions as given were fair and understandable. There was no error.

Next, defendant complains because the trial court did not give defendant's requested instructions concerning burden of proof. Defendant asked that the trial court instruct the jury that the plaintiff must prove his case by evidence which "clearly and satisfactorily convince[s] you that there was a contract or agreement between the parties".

The cases cited by the defendant to support his request were not jury cases and did not involve jury instructions. Both Michigan cases, *Payne v Payne,* 241 Mich 547; 217 NW 756 (1928), and *Van Houten v Vorce,* 259 Mich 545; 244 NW 157 (1932), were decided before *Stephenson v Golden,* 279

Mich 710, 734; 276 NW 849, 857 (1937), which stated:

"There is no rule of law or of judicial reasoning that adopts any sliding scale of belief in civil cases. [Citation omitted.] There are but two classes of cases recognized as requiring different rules of proof—criminal cases, where conviction is warranted only by proof beyond a reasonable doubt; and cases not criminal, where a preponderance of proof satisfies the legal requirement."

Similarly, SJI 21.01 states that the burden of proof required in civil cases is the preponderance of evidence.

Defendant claims the trial judge erred when submitting the plaintiff's theory of the case to the jury.

GCR 1963, 516.7 provides in part:

"Statement of Issues and Theories of the Parties (SJI 20.01) * * * The statement shall set forth as issues only those disputed propositions of fact *which are supported by the evidence.*" (Emphasis added.)

The statement of the trial judge was supported by the evidence.

Lastly, defendant claims the trial court erred by instructing the jury on exemplary damages. Plaintiff's allegation of fraud is consistent with his theory of estoppel and could be sustained by the evidence. Exemplary damages may be allowed where elements of fraud and malice or wanton and reckless disregard of a party's rights are involved. *Fleischer v Buccilli,* 13 Mich App 135; 163 NW2d 637 (1968).

Even if the instruction was erroneous, it was harmless error. By uncontradicted evidence the actual damages amounted to more than $119,000.

Affirmed. Costs to plaintiff.