BEACHUM v BAY VALLEY ASSOCIATES

Docket No. 49828. Submitted May 7, 1981, at Lansing.—Decided
October 18, 1982. Leave to appeal applied for.

James C. Beachum was employed as project manager of a devel-
opment owned by Bay Valley Associates, Bay Valley, Limited,
Gilbert A. Currie, and Dirk B. Waltz. His employment was by a
verbal agreement, and was terminated within a year. Beachum
brought an action against his employers for breach of the
employment agreement, alleging that he had been employed for
a three-year term and that in addition to his yearly salary he
was to have received a condominium at half price and a ten
percent interest in the Bay Valley Inn. The Bay Circuit Court,
John X. Theiler, J., entered a judgment on a jury verdict in
favor of plaintiff. The jury awarded plaintiff the amount of two
years' salary, and the court granted defendants' motion for
*remittitur*, reducing the award by the amount which the plain-
tiff had earned in other employment during the last two years
of the three-year term. Defendants appeal, alleging that in
order to avoid the effect of the statute of frauds the plaintiff
should have been required to show the existence of the contract
by clear and convincing evidence rather than by a mere pre-
ponderance of the evidence and that the trial court erred in
permitting plaintiff to read the depositions of two witnesses
whom the defendants planned to call to testify. Plaintiff cross-
appeals, alleging that the trial court erred in ordering *remitti-
tur. Held:*

1. The trial court properly applied the standard of the
preponderance of the evidence under the facts of this case.

2. The trial court did not err by allowing the plaintiff to read
the depositions of the witnesses.

3. On the facts of this case, the trial court abused its discre-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 140.

[2] 23 Am Jur 2d, Depositions and Discovery § 113.
    Construction of statute or rule admitting in evidence deposition of
    witness absent or distant from place of trial. 94 ALR2d 1172.

[3] 5 Am Jur 2d, Appeal and Error § 939.

[4] 5 Am Jur 2d, Appeal and Error §§ 939, 944.

tion in ordering *remittitur.* The original verdict is ordered to be reinstated.

Affirmed in part, reversed in part.

1. CONTRACTS — ORAL CONTRACTS — BURDEN OF PROOF.

The burden of proof upon a plaintiff attempting to show the existence of an oral contract of employment is that of the "preponderance" of the evidence; it is not necessary that the evidence be "clear and convincing".

2. WITNESSES — DEPOSITIONS — COURT RULES — RULES OF EVIDENCE.

The deposition of a witness may be read at trial if, *inter alia,* the witness is more than 50 miles from the place of trial; this rule is not dependent upon the witness's also being "unavailable" as defined by the Rules of Evidence (GCR 1963, 302.4[3][3]; MRE 804[a]).

3. JUDGMENTS — JURY VERDICTS — *REMITTITUR* — APPEAL.

A trial court may order *remittitur* where a verdict is excessive and not supported by the evidence; the standard of review of a trial court's decision granting or denying *remittitur* is whether or not there has been an abuse of discretion.

4. JUDGMENTS — JURY VERDICTS — *REMITTITUR.*

A trial court ruling on a motion for *remittitur* is not authorized to conduct a *de novo* review of the jury's verdict; a jury verdict should be upheld if it is supported by the evidence and does not shock the judicial conscience.

*Russell N. Luplow* and *Plunkett, Cooney, Rutt, Waters, Stanczyk & Pedersen, P.C.* (by *William D. Booth* and *Christine D. Oldani),* for plaintiff.

*Currie, Kendall, Keith, Larkin, Pommerville & Merrill, P.C.* (by *William H. Merrill),* for defendants.

Before: M. J. KELLY, P.J., and BRONSON and R. M. DANIELS,* JJ.

R. M. DANIELS, J. Plaintiff successfully sued defendants for breach of an alleged oral contract of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

employment. Defendants appeal the jury verdict in plaintiff's favor, while plaintiff cross-appeals the trial court's order of *remittitur.*

Bay Valley is a multimillion-dollar development consisting of Bay Valley Inn, a golf course, tennis club, apartments, condominiums and vacant acreage. At the time of trial, defendant Currie was sole shareholder of Bay Valley Inn and sole general partner in Bay Valley, Limited, with defendant Waltz having a small partnership interest. Currie assumed ownership of the Bay Valley development in 1974 when it was beset by financial difficulties and construction problems. He decided the project needed a full-time manager. Plaintiff's name was suggested for this position, and talks between plaintiff and Bay Valley personnel culminated in plaintiff's employment as manager on August 1, 1974. His employment was terminated by defendants on April 15, 1975, after a general economic downturn obviated the need for a project manager. The parties never executed a written contract of employment.

Plaintiff testified that he had been employed for a term of three years at $65,000 per year and was to receive a condominium at half price, a $25,000 value, and a ten percent ($200,000) interest in Bay Valley Inn. His claimed damages included lost salary for only the last two years of the three-year term, since defendants had paid him for one year.

Defendants interposed the statute of frauds, MCL 566.132(a); MSA 26.922(a), denied an agreement for a three-year employment term, asserted that the offer of a condominium for half price was contingent upon plaintiff's moving to Bay Valley, and maintained that no agreement was reached regarding an ownership interest in the complex for plaintiff.

The jury, on November 2, 1979, awarded plaintiff $130,000. Thereafter, the trial judge denied defendants' motions for judgment notwithstanding the verdict and for a new trial, but granted their motion for *remittitur,* reducing the award to $89,-000 to reflect $41,000 plaintiff had earned from other employment during the final two years of the three-year term.

Defendants first contend that the lower court erroneously denied their motions for judgment notwithstanding the verdict and for a new trial. They maintain that plaintiff, during trial, proceeded on the theory of equitable estoppel, while on appeal he argues the doctrine of promissory estoppel. According to defendants, the distinction between these theories is more than academic since equitable estoppel is allegedly the correct legal theory and requires clear and convincing evidence to establish the contract and overcome the statute of frauds, whereas the trial court instructed the jury that a preponderance of the evidence was adequate to prove plaintiff's case.

We recognize that a distinction has been made between equitable estoppel and promissory estoppel vis-à-vis the statute of frauds. Note, 55 Mich L Rev 170 (1967); 28 Am Jur 2d, Estoppel and Waiver, § 48, pp 656-659. However, some cases apparently use the terms interchangeably. *E.g., Ass'n of Hebrew Teachers v Jewish Welfare Federation,* 62 Mich App 54; 233 NW2d 184 (1975). Plaintiff insists that interchangeable use of the terms "promissory estoppel" and "equitable estoppel" is proper but suggests that, should this Court deem such usage confusing, we consider his reliance as being upon equitable estoppel. Since our examination of the record reveals that the proceedings below were compatible with the theory of

equitable estoppel, we accept plaintiff's suggestion and confine our analysis to that doctrine.

Defendants unsuccessfully requested a jury instruction stating that plaintiff must prove that "the promises made by the defendants were definite and clear". They now contend that there are two reasons why an alleged oral contract of employment should be established by clear and convincing evidence where equitable estoppel is relied upon to avoid a statute of frauds defense.

First, defendants cite certain cases in which a "clear and convincing" standard of proof was utilized, including *Guzorek v Williams,* 300 Mich 633; 2 NW2d 796 (1942), and *Van Houten v Vorce,* 259 Mich 545; 244 NW 157 (1932). To these may be added our Supreme Court's most recent pronouncement in *Pattyn v Frezza,* 412 Mich 861 (1981), where the Court by order reversed in lieu of granting leave to appeal, stating:

"The complaint alleged a contract based on the defendant's promise to convey a house located in Warren in return for the plaintiffs' care of the defendant and her husband during their lives. The plaintiffs have the burden of establishing the contract by clear and convincing evidence. *Guzorek v Williams,* 300 Mich 633, 639 (1942)."

Secondly, defendants maintain that the statute of frauds is designed to protect against false allegations of an existing contract, and that public policy dictates that the protection the statute provides should not be avoided by evidence less than clear and convincing.

Plaintiff counters defendants' arguments by citing *Stephenson v Golden (On Reh),* 279 Mich 710; 276 NW 849 (1937), and *White v Production Credit*

*Ass'n,* 76 Mich App 191; 256 NW2d 436 (1977). *Stephenson* states:

"There is no rule of law or of judicial reasoning that adopts any sliding scale of belief in civil cases. * * *. There are but two classes of cases recognized as requiring different rules of proof—criminal cases, where a conviction is warranted only by proof beyond a reasonable doubt; and cases not criminal, where a preponderance of proof satisfies the legal requirement." *Stephenson,* p 734.

The *White* Court remarked:

"Next, defendant complains because the trial court did not give defendant's requested instructions concerning burden of proof. Defendant asked that the trial court instruct the jury that the plaintiff must prove his case by evidence which 'clearly and satisfactorily convince[s] you that there was a contract or agreement between the parties'.

"The cases cited by the defendant to support his request were not jury cases and did not involve jury instructions. Both Michigan cases, *Payne v Payne,* 241 Mich 547; 217 NW 756 (1928), and *Van Houten v Vorce,* 259 Mich 545; 244 NW 157 (1932), were decided before *Stephenson v Golden,* 279 Mich 710, 734; 276 NW 849, 857 (1937) * * *." *White,* pp 195-196.

While both sides have advanced plausible arguments, we are persuaded that the "preponderance" and not the "clear and convincing" burden of proof should apply to these facts. This conclusion is not dependent upon plaintiff's citation of *Stephenson* and *White* for the proposition that the only standard of proof recognized in Michigan civil law is preponderance of the evidence. That argument is simply inaccurate. The "clear and convincing" standard is an integral part of the civil jurisprudence of this state in such areas as altera-

tion of a child's established custodial environment, MCL 722.27(c); MSA 25.312(7)(c), termination of parental rights to the custody of a child, MCL 712A.19a; MSA 27.3178(598.19a), *In re LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), and fact situations illustrated by *Pattyn, Guzorek* and *Van Houten, supra.* Furthermore, *White's* intimation that *Stephenson sub silentio* overruled *Van Houten* and *Payne v Payne,* 241 Mich 547; 217 NW 756 (1928), is untenable in view of the fact that *Guzorek* and *Pattyn,* both decided after *Stephenson,* reiterated the "clear and convincing" standard.

In adhering to the "preponderance" standard in this case we distinguish the cases relied upon by defendants, all of which involved an alleged oral contract to convey realty. The jealousy with which the law has historically guarded transfer of title to real property may explain the higher standard of proof required there and serves as a point of distinction between those cases and the instant suit. Furthermore, none of defendants' cited cases were jury tried. There was therefore no problem with explaining to a jury the quantum of evidence required to satisfy the clear and convincing evidence standard, as would have been necessary in the case at bar. McCormick, Evidence (2d ed), § 340, pp 796-798. The trial judge therefore properly submitted this dispute to the jury under the preponderance of the evidence standard of proof. Contrary to defendants' expressed fears, this procedure does not unfairly weight the balance of justice against the policy underlying the statute of frauds.

Defendants next allege that the trial court erred reversibly by permitting plaintiff to read into evidence the depositions of two witnesses pursuant to

GCR 1963, 302.4(3)[3], despite the fact that defendants planned to call the witnesses personally and offered to have them present during plaintiff's case in chief.

Subrule 302.4 provides in pertinent part:

"Use of Depositions. At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any 1 of the following provisions:

* * *

"(3) The deposition of a witness, whether or not a party, when properly filed in accordance with subrule 306.6(1) or subrule 307.2, may be used by any party for any purpose if the court finds: * * * [3] that the witness is at a greater distance than 50 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition * * *."

Defendants contend that the phrase "so far as admissible under the rules of evidence" should be interpreted to mean that before depositions are allowed into evidence under subrule 302.4(3)[3] the witnesses would not only have to be 50 miles from the place of trial, but also "unavailable" as defined by MRE 804(a). This argument is illogical because such engrafting of the "unavailability" requirement of MRE 804(a) upon the "50-mile" provision of subrule 302.4(3)[3] would render the latter a mere cipher. If a witness is "unavailable" under MRE 804(a), it is irrelevant whether he is 50 miles from the place of trial. Consequently, the trial judge did not abuse his discretion by admitting the depositions, nor were defendants prejudiced as a result.

Plaintiff cross-appeals the lower court's order of

*remittitur.* GCR 1963, 527.6. Plaintiff requested damages totalling $314,000, comprised of $89,000 for lost salary ($65,000 per year for the three-year term, less slightly over $105,000 earned from defendants and other sources during that period), $25,000 as one-half value of a condominium, and $200,000 as ten percent interest in the Bay Valley Inn.

Defendants maintain that in reaching its verdict of $130,000 the jury must have calculated plaintiff's salary for the final two years of the term and then erroneously failed to deduct the approximately $41,000 plaintiff admitted having earned during that period. We disagree.

GCR 1963, 527.6 allows a trial court to order *remittitur* where the verdict is excessive and not supported by the evidence. As observed by this Court in *Burnett v Mackworth G Rees, Inc,* 109 Mich App 547, 552-554; 311 NW2d 417 (1981):

> "In reviewing the decision of a trial judge to either grant or deny a *remittitur* or a new trial, this Court must determine whether or not there has been an abuse of discretion. *Pippen v Denison Division of Abex Corp,* 66 Mich App 664; 239 NW2d 704 (1976), *lv den* 399 Mich 823 (1977). Where there are no other errors in the trial, *remittitur* can be ordered only if the verdict is so excessive as to 'shock the judicial conscience'. *Id.,* 674.

\* \* \*

> "In the absence of any definitive test for determining excessiveness of a verdict, the question apparently turns on the facts of each case and the feeling of the appellate court viewing those facts. This subjective test, often phrased as that which 'shocks the judicial conscience', is often tempered by an appellate court's reluctance to interfere with a jury's disposition of a case."

While it is possible that the jury added up

plaintiff's loss of salary for two years and neglected to subtract his earnings for those years as a setoff, the jury could also have reached its verdict by way of compromise. We note that the present uncertainty could have been obviated had the jury been required to return a special verdict. GCR 1963, 514.

When ruling on a motion for *remittitur,* the trial judge is not authorized to conduct a *de novo* review of the jury's verdict. *Pippen, supra,* p 674. There is no requirement that a jury verdict be subjected to some sort of logical scrutiny analysis. Indeed, such a requirement should assiduously be avoided. Because the verdict is supported by evidence and does not "shock the judicial conscience", the trial judge abused his discretion by granting *remittitur.* We therefore order the original verdict reinstated.

Affirmed in part and reversed in part. Neither side is awarded costs.