KALAMAZOO YELLOW CAB COMPANY *v.* KALAMAZOO CIRCUIT JUDGE.

1. EVIDENCE—STATEMENTS OF AN AGENT—HEARSAY—EXCEPTIONS.
    Declarations of an agent as to a past event offered by testimony of person to whom made, or otherwise than by the testimony of the agent himself, are generally excluded from evidence unless admissible under one of the exceptions to the hearsay rule such as a *res gestae* statement, or when the agent is shown to have had authority to make the statement involved.

2. SAME—AGENT'S STATEMENT AUTHORIZED BY PRINCIPAL—ADMISSION AGAINST INTEREST.
    A statement made by an agent, made by authority of his principal, is not excluded under the hearsay rule, since the statement is considered as if made by the principal himself and, therefore, admissible as an admission against interest.

3. SAME—EXTRAJUDICIAL STATEMENTS—IMPEACHMENT.
    Extrajudicial statements are admissible for purposes of impeaching a witness.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur, Evidence § 599.
[2] 20 Am Jur, Evidence § 596.
[3] 58 Am Jur, Witnesses § 767.
[4] 17 Am Jur, Discovery and Inspection § 38.

4. DISCOVERY—ACCIDENT REPORT BY CAB COMPANY DRIVER—IMPEACHMENT.

> Discovery was properly allowed in negligence action against cab company as to accident report made to it by its driver involved in accident, for use limited to impeachment purposes unless subsequently shown to be otherwise admissible (Court Rule No 35, § 6 [1945]).

Original mandamus by Kalamazoo Yellow Cab Company, a Michigan corporation, against Lucien F. Sweet, Kalamazoo Circuit Judge, to compel him to vacate a pretrial order for discovery in a pending negligence case. Submitted April 4, 1961. (Calendar No. 48,810.) Writ denied June 29, 1961.

*Howard & Howard,* for plaintiff.

*James Thomas Sloan, Jr.* (*Thomas D. Carey,* of counsel), for defendant.

SOURIS, J. Defendant, circuit judge Lucien F. Sweet, entered a pretrial discovery order under section 6 of Court Rule No 35 (1945)* in a negligence case in which plaintiff here, Kalamazoo Yellow Cab Company, is the defendant. The order compelled discovery of a written accident report made to the taxicab company by its employee. The employee, a cab driver, was not a party in the negligence case. In the proceedings before Judge Sweet, the cab company based its objection to discovery of the report on the ground that it was not admissible in evidence at the trial because it was hearsay and not within the *res gestae* exception to the hearsay rule and, therefore, was not subject to discovery by virtue of the explicit limitation contained in section 6 of Court Rule No 35 to "matter not privileged and admissible under rules of evidence governing trials, which is relevant to the subject matter involved." Upon entry of the order for discovery, this suit was instituted to compel its vacation by writ of mandamus.

---

* See 334 Mich xl and 352 Mich xvii.—REPORTER.

At the pretrial conference, counsel for both parties in the negligence suit were required to exchange lists of witnesses they intended to call during the trial. On the cab company's list appeared the name of its driver. Discovery of his accident report was sought by the plaintiff in that case as necessary and material in preparation for the trial because of the cab company's indicated intention to call the driver as a witness. The report is not sought as substantive evidence of the facts contained in it; it is sought for possible use in cross examination to impeach the driver if called as a witness for the cab company.

When declarations of an agent as to a past event are offered by the testimony of the person to whom made, or otherwise than by the testimony of the agent himself, such testimony is hearsay and usually excluded from evidence, but it is admitted if one of the exceptions to the hearsay rule is applicable, for example, as a *res gestae* statement. *Horner* v. *Fellows,* 1 Doug (Mich) 51; *Andrews* v. *Tamarack Mining Co.,* 114 Mich 375; *Hyatt* v. *Leonard Storage Co.,* 196 Mich 337; *Garey* v. *Kelvinator Corp.,* 279 Mich 174; *Holtz* v. *L. J. Beal & Son, Inc.,* 339 Mich 235. It is likewise admitted in evidence when the agent is shown to have had authority from his principal to make the statement involved. Where such authority exists the statement is no less hearsay, but we do not apply the hearsay exclusion rule because under the substantive law of agency the agent's statement is binding upon his principal and we consider it "as if" made by the principal himself and, therefore, admissible as an admission against interest. In this case no claim was made before Judge Sweet, nor is it claimed here, that the driver's accident report is admissible in evidence and binding upon the cab company because within the scope of his express or implied authority, and, therefore, we

offer no judgment as to its admissibility for that purpose.*

Extrajudicial statements are admissible for purposes of impeaching a witness.  *McClellan* v. *Fort Wayne & B. I. R. Co.*, 105 Mich 101; *Cronberger* v. *Crampton*, 258 Mich 238; *Gilchrist* v. *Gilchrist*, 333 Mich 275, 280.  If and when the cab driver is called to testify in the negligence suit, he may be thus impeached and the accident report, or other similar statements, made by him may be used for that purpose.  Accordingly, the report here sought is subject to discovery under Court Rule No 35, § 6, but only for the limited use requested unless it is subsequently shown to be otherwise admissible.

Writ denied.  Costs to respondent.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

---

* The standard objections to hearsay testimony, that the opposite party is deprived of the right of confrontation and cross examination, are as present when hearsay testimony of an agent's authorized statement is allowed as they are when such testimony of an agent's statement made without authority is excluded.  The difference in treatment appears to be based upon the belief that authorized statements are more trustworthy since, by the law of agency, the agent's authorized acts (and statements) are those of his principal.  Why the merger of identification (and *a priori* the veracity of the statements) should be less complete when the agent is authorized only to act for his principal and the statement is made incident to his performance of an authorized act, has caused legal scholars (and some courts) considerable difficulty.  See Model Code of Evidence, chap 6, Rule 508, p 249, Amer Law Inst, 1942 official text; 47 Col L Rev 1227; and 4 Wigmore on Evidence (3d ed), § 1078, pp 120 and 121, particularly footnote 2, p 121.  See, also, *Martin* v. *Savage Truck Line, Inc.* (DC), 121 F Supp 417; *Navajo Freight Lines* v. *Mahaffy* (CCA10), 174 F2d 305; *Grayson* v. *Williams* (CCA10), 256 F2d 61; *Myrick* v. *Lloyd*, 158 Fla 47 (27 So2d 615); and *Hardy* v. *Tittabawassee Boom Co.*, 52 Mich 45. Our own *Hardy Case* suggests the possibility that the accident report here in issue may be admissible as an authorized statement of an agent because obtained at the instance of the cab company for the purpose of ascertaining the facts of the accident in which its agent was involved and the extent of its liability therefor.  But see *Garey* v. *Kelvinator Corp.*, *supra*, at p 188, in which the *Hardy Case* is criticized because its facts were too "sparingly given."