SHIELDS v REDDO

Docket No. 81575. Argued November 1, 1988 (Calendar No. 6). Decided July 24, 1989.

Debra Shields, for herself and as guardian of the children of James Shields, deceased, and personal representative of his estate, brought a dramshop action in the Oakland Circuit Court against Joseph Reddo and others, for the wrongful death of her husband. The plaintiff alleged that a patron of the defendant's bar who had struck her husband with a motor vehicle had been served alcohol while visibly intoxicated. During trial, the court, Richard D. Kuhn, J., ruled that deposition testimony of a former employee of the bar owner was inadmissible, absent a showing by the plaintiff that the deponent was unavailable to testify in person. Thereafter, the jury returned a verdict against the driver, but found no liability on the part of the bar owner. The Court of Appeals, HOLBROOK, JR., P.J., and SULLIVAN and M. WARSHAWSKY, JJ., affirmed (Docket No. 88961). The plaintiff appeals.

In an opinion by Justice GRIFFIN, joined by Chief Justice RILEY, and Justices BRICKLEY, CAVANAGH, and BOYLE, the Supreme Court *held:*

Deposition testimony by a person who was employed by a party at the time of an occurrence out of which an action arose, but who was no longer employed by the party when the deposition was taken, is not admissible in evidence without a finding that the deponent is unavailable to testify at trial.

1. Ordinarily a deposition falls within the definition of hearsay under the Rules of Evidence and is not admissible except as provided by the rules. Under the circumstances of this case, the deposition was properly excluded as hearsay. The deponent was a former employee of the defendant bar owner, and because she was not employed by the defendant when the deposition was given, her testimony is not excepted under MRE 801(d)(2)(D). Nor is the deposition excepted under MRE 804(b)(1) as former

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 181 *et seq.*

See the Index to Annotations under Depositions; Unavailable Witnesses.

testimony because no showing was made that the deponent was unavailable to testify at trial.

2. Unlike FR Civ P 32(a), its federal counterpart, MCR 2.308(A)(1) does not provide an exception to the hearsay rule independent of the Rules of Evidence. There are crucial differences in the phrasing and histories of the two rules which preclude construction of the Michigan rule in the same manner as the federal rule.

3. Considerations of fairness require that the limitations of the party-opponent admission rule, MRE 801(d)(2)(D) apply to deposition testimony offered under MCR 2.308(A)(1)(b). The history of that provision suggests that the Court did not intend to deviate from the traditional limitations of the Rules of Evidence.

4. The hearsay rule is a concrete expression of the common-law preference for in-court oral testimony subject to cross-examination. The Michigan Rules of Evidence preserve the preference, and the Supreme Court has emphatically expressed the preference by specifically rejecting the federal "catch-all" exceptions to the hearsay rule. Under the circumstances of this case, the deposition was properly excluded.

Affirmed.

Justice LEVIN, writing separately, stated that the Rules of Evidence and MCR 2.308(A) overlap with respect to the admissibility of depositions. The clause "so far as admissible under the rules of evidence" in MCR 2.308(A) concerns evidentiary questions other than questions concerning so-called "first-level hearsay" regarding the admissibility of a deposition. Reading Rule 2.308(A) as providing that a deposition of a witness may be used only if the deposition also may be used under the Rules of Evidence, i.e., as barring a deposition unless it is admissible under the Rules of Evidence, renders Rule 2.308(A) superfluous. If the deposition testimony of a person who is not an expert which is admissible under MCR 2.308(A), nevertheless is not admissible because it is hearsay (unless it ceases to be hearsay by reason of the definition of hearsay or an exception under the Rules of Evidence), then MCR 2.308(A) might as well be a blank page.

If "so far as is admissible under the Rules of Evidence" means, as the majority holds, that the deposition of an employee "who at the time of the transaction or occurrence out of which the action arose" (MCR 2.308[A][1][b]) is not admissible unless either not hearsay or within a hearsay exception under the Rules of Evidence, then

—the deposition of a person who was an "officer, director,

employee or agent of a party" "at the time of taking the deposition" (MCR 2.308[A][1][b]) is not admissible unless the deposition concerns "a matter within the scope of his agency or employment" (MRE 801[d][2][D]); and

—the deposition testimony of a witness who resides at a distance greater than fifty miles from the place of the trial (MCR 2.308[A][C][iii]) is not admissible unless either admissible under the first-level hearsay exceptions in the Rules of Evidence for unavailable witnesses, which do not include distance from the place of trial within the definition of unavailability, or some other hearsay exception or exclusion from the hearsay definition perchance applies.

The wisdom of Rule 2.308(A) is indeed debatable. The Court adopted the rule and a majority can change it. The Court, having adopted Rule 2.308(A), is responsible for any resulting obscurity in meaning. The Court should in fairness make today's rule changing decision fully prospective.

Justice ARCHER, dissenting, stated that while the deposition in this case should have been admitted pursuant to MCR 2.308(A)(1), its substance should have been subjected to the scrutiny of the hearsay rules. Only those portions either which did not constitute hearsay or in which compliance with a hearsay exception was established should have been admitted.

MCR 2.308(A)(1) requires a two-fold consideration by a trial court. Initially, the trial court should look to the court rules to determine whether the deposition as a document, i.e., irrespective of its contents, may be admissible where the deponent was an employee at the time of the transaction or occurrence giving rise to the litigation. Once the document is determined to be admissible, the extent of admissibility is limited by the Rules of Evidence, and the trial court must consider the substantive content of the deposition and determine the basis upon which the statements are sought to be introduced.

161 Mich App 175; 410 NW2d 308 (1987) affirmed.

EVIDENCE — DEPOSITIONS — FORMER EMPLOYEES.

Deposition testimony by a person who was employed by a party at the time of an occurrence out of which an action arose, but who was no longer employed by the party when the deposition was taken, is not admissible in evidence without a finding that the deponent is unavailable to testify at trial (MRE 801[d][2][D]).

*Bushnell, Gage & Reizen* (by *Scott D. Moore*) for the plaintiff.

*Holahan, Malloy, Maybaugh & Monnich* (by *J. Michael Malloy, III*); (*Plunkett & Cooney, P.C.,* by *John P. Jacobs* and *Ernest R. Bazzana,* of counsel) for the defendants.

GRIFFIN, J. In this dramshop action,[1] we are required to decide whether the deposition given by a former employee of the defendant bar owner was admissible as evidence at trial, despite the rule against hearsay, where plaintiff had made no showing that the deponent was unavailable to testify in person. Contrary to plaintiff's contention that the deposition should have been admitted under a court rule, MCR 2.308(A)(1)(b), we conclude that its admissibility is controlled by the Rules of Evidence. We hold, under the circumstances of this case, that the deposition was properly excluded as hearsay, and the decision of the Court of Appeals is therefore affirmed.[2]

I

At 2:30 on the morning of April 11, 1980, James Shields was standing on the shoulder of a highway where his car had broken down when he was struck and killed by a pickup truck driven by Patrick Grandstaff. A blood sample drawn from Mr. Grandstaff a few hours later indicated a blood alcohol level of 0.12 percent.[3] Prior to the accident, Mr. Grandstaff and a friend had been drinking at Joe's Moravian Lounge, owned by the defendant,

---

[1] MCL 436.22; MSA 18.993.

[2] We also take this opportunity to promulgate amendments to MCR 2.308(A) and MRE 804(b), consistent with our holding in this case. The amendments will eliminate the possibility of future litigation over other perceived conflicts between MCR 2.308(A) and the Michigan Rules of Evidence. The text of the amendments appears in Appendices B and C.

[3] The Michigan Vehicle Code provides that a person who has a blood alcohol level of 0.10 percent or more is presumed to be under the influence of intoxicating liquor. MCL 257.625a(3)(c); MSA 9.2325(1)(3)(c).

Joseph Reddo.[4] The two men were frequent patrons of the bar. Mr. Grandstaff arrived at the bar at about 8:00 P.M. on April 10 and left at about 1:30 A.M. on April 11.

Plaintiff Debra Shields brought this action, seeking damages for the wrongful death of her husband under the dramshop act, MCL 436.22; MSA 18.993. She alleges that Mr. Grandstaff had been served alcohol at the bar while he was visibly intoxicated. On the other hand, the defendant bar owner contends that Mr. Grandstaff's intoxication was caused by drinking which occurred after he left the bar.[5]

Patricia Dudash was an employee of the defendant bar owner on April 10 and 11, 1980. However, she was not employed by defendant on June 13, 1983, when, with attorneys for Mr. Grandstaff and defendant present, she provided testimony by deposition which tends to support plaintiff's allegations.

At the trial, which began September 16, 1985, plaintiff moved that the deposition be admitted as evidence under MCR 2.308(A)(1)(b). The trial court ruled that the deposition testimony was inadmissible in the absence of a showing by plaintiff that Ms. Dudash was unavailable to testify in person.[6]

---

[4] For convenience in this appeal, we refer only to Joseph Reddo, owner of the bar, as the defendant. Although Patrick Grandstaff is a named defendant, no appeal was taken from the entry below of a judgment against him. Ohio Casualty Insurance Company, Mr. Reddo's insurer, is also named as a defendant; however, for purposes of this appeal, its interests are the same as Mr. Reddo's.

[5] Mr. Grandstaff testified that he drove directly from the bar to the accident scene. However, it is undisputed that to drive that route takes only about twenty minutes, leaving an unexplained gap of about forty minutes. One police officer who arrived at the scene shortly after the accident testified that in addition to one empty beer can in the cab, he observed about thirty empty beer cans in the bed of Mr. Grandstaff's truck and that the window at the back of the truck cab was partially open. Mr. Grandstaff testified that he drank no beer between the time he left the bar and the accident.

[6] The trial judge said, "according to the Rules of Evidence if that party

Thereafter, the jury returned a verdict of $325,000 against Mr. Grandstaff, but found no liability on the part of the defendant bar owner. Plaintiff appealed, claiming error on the part of the trial court in excluding the Dudash deposition. The Court of Appeals affirmed,[7] and we then granted leave to appeal. 430 Mich 857 (1988).

II

At its heart, the question we face is one of the relationship between our rules of civil procedure and our Rules of Evidence. Both sets of rules contain provisions relating to the admissibility of deposition testimony. Ordinarily, a deposition falls within the definition of hearsay as set forth in the Rules of Evidence: "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Furthermore, in the case of this deposition, the Rules of Evidence provide no avenue around the hearsay rule.[8]

─────────────

[referring, apparently, to the deponent] is available and within 50 miles the Court's going to rule that you cannot use [the deposition]." It appears that the court was referring to MCR 2.308(A)(1)(c), rather than to the Rules of Evidence.

[7] *Shields v Grandstaff,* 161 Mich App 175; 410 NW2d 308 (1987).

[8] The deposition does not qualify as nonhearsay under MRE 801(d)(2)(D) because Ms. Dudash was not employed by the defendant when the deposition was taken:

> (d) Statements which are not hearsay. A statement is not hearsay if—
>
> *   *   *
>
> (2) Admission by party-opponent. The statement is offered against a party and is . . . (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship. . . .

Moreover, the deposition does not qualify under the hearsay exception for former testimony because there was no showing that the deponent was unavailable to testify at trial. MRE 804(b)(1) provides:

At the same time, it appears that the Dudash deposition fits within the purview of subparagraph (b) of MCR 2.308(A)(1), which in pertinent part reads:

> (1) At the trial . . . a part or all of a deposition so far as admissible under the rules of evidence may be used against a party who was present or represented at the taking of the deposition . . . in accordance with any of the following provisions:
>
> * * *
>
> (b) The deposition of a party or anyone who at the time of the transaction or occurrence out of which the action arose or at the time of taking the deposition was an officer, director, employee, or agent of a party may be used by an adverse party for any purpose.

At issue is whether MCR 2.308(A)(1)(b), hereinafter sometimes referred to as "subparagraph (b)," is to be construed as an independent exception to the general strictures of the hearsay rule. If that is the case, then the Dudash deposition should have been admitted.

That exceptions to the hearsay rule are not to be found in the court rules is explicitly declared in the Rules of Evidence: "Hearsay is not admissible *except as provided by these rules.*" MRE 802. (Emphasis added.) Significantly, this unequivocal declaration was promulgated by this Court in 1978, when the court rule was already in exis-

Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

tence, and, presumably, its existence taken into account. Moreover, the court rule in question, MCR 2.308, has always appeared to defer to the Rules of Evidence:

> (1) At the trial, or the hearing on a motion, or a preliminary proceeding, a part or all of a deposition *so far as admissible under the rules of evidence* may be used against a party who was present or represented at the taking of the deposition or had reasonable notice of it, in accordance with any of the following provisions . . . .[9] [Emphasis added.]

Defendant argues that the emphasized words require a party who seeks to use a deposition as evidence to overcome any valid objection to admissibility based on the Rules of Evidence, including the objection that the deposition itself, and statements within it, are hearsay. On the other hand, plaintiff responds that the qualifying words should be applied only to the contents of the deposition, without regard to the fact that the statements made in the deposition are out-of-court statements, so that the hearsay objection is not available with

---

[9] The subparagraph immediately preceding MCR 2.308(A)(1)(b) provides:

> (a) A deposition may be used by a party for the purpose of impeaching the testimony of the deponent as a witness or for any other purpose *permitted by the Michigan Rules of Evidence.* [MCR 2.308(A)(1)(a). Emphasis supplied.]

It has been argued that the wording of this subparagraph supports the contention that the court rule is designed to provide an independent hearsay exception for deposition testimony. Subparagraph (a), however, presents no conflict with the Rules of Evidence. The use of deposition testimony for impeachment purposes is sanctioned in general by the Rules of Evidence, and in particular by MRE 613. Thus, MCR 2.308(A)(1)(a) cannot be said to contemplate any circumstances under which depositions would be admissible that are not also covered by the Rules of Evidence. This observation is consistent with the Court's analysis in *Socha v Passino,* 405 Mich 458; 275 NW2d 243 (1979), discussed in n 27.

respect to a deposition which otherwise conforms to the criteria of MCR 2.308(A)(1).[10]

### III

The plaintiff's view is not altogether ·implausible. It can be argued that a contrary interpretation of MCR 2.308(A)(1) tends to render much of the rule superfluous in light of conflicting provisions in the Rules of Evidence.[11] Furthermore, our court rule is patterned after FR Civ P 32(a), which is construed as plaintiff contends the Michigan rule should be construed:[12]

> A deposition may be excluded if it is irrelevant or if in some other respect what the deponent said does not satisfy the rules of evidence, but the fact that the deponent is not present in court and that it is his out-of-court statement at the deposition that is being read is not in itself ground for objection. [8 Wright & Miller, Federal Practice & Procedure, § 2143, p 453.]

That the federal rule was to be so construed,

[10] Plaintiff's interpretation of this rule invites the Court to answer the broad question whether, or the extent to which, the provisions of MCR 2.308 are subordinate to conflicting provisions of the Michigan Rules of Evidence, as these rules were codified in 1978. The narrower issue presented by this case, however, requires only that we determine whether the framers of the court rule recognized the conflict presented in the instant case, and intended the court rule to "trump" rules of evidence that otherwise would prohibit the use of the out-of-court statement of a former employee as substantive evidence without a showing that the former employee was unavailable to testify in person at trial. Our answer is limited to the resolution of that narrower issue. The opinion itself does not address other potential conflicts posed by the juxtaposition of the subprovisions of MCR 2.308(A)(1)(c) with the Rules of Evidence, in particular MRE 804(a).

[11] This is essentially the conclusion of the Court of Appeals in *Beachum v Bay Valley Associates,* 120 Mich App 412, 418-419; 328 NW2d 54 (1982), in relation to the conflict between GCR 1963, 302.4(3)[3] (MCR 2.308[A][1][c][iii]) and MRE 804(a). We do not address the issue raised in *Beachum.*

[12] See Appendix A for a side-by-side comparison of the relevant provisions of the two rules.

however, was not settled until 1970, when the words "applied as though the witness were then present and testifying" were inserted.[13] FR Civ P 32(a). Although plaintiff relies heavily on the interpretation given the federal rule as finally clarified by the 1970 amendment, crucial differences between the history of our rule and the federal rule undermine this reliance.[14]

First, this Court has never amended the general paragraph of our rule on the *use* of depositions, now MCR 2.308(A)(1), to add the phrase "applied as though the witness were then present and testifying," or any words to that effect. More significantly, the original versions of both the federal rule and our court rule provided that "objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence *if the witness were then present and testifying.*" (Emphasis added.) Court Rule No 35, § 6(d)(5) (1945); FR Civ P 26(e). This phrase, it can be argued, achieves the same effect as the words in FR Civ P 32(a) "applied as though the witness were then present and testifying," immunizing depositions from threshold hearsay objections.

[13] The advisory committee's note in pertinent part reads:

A change is made in new Rule 32(a), whereby it is made clear that the rules of evidence are to be applied to depositions offered at trial as though the deponent were then present and testifying at trial. This eliminates the possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court. The language of present Rule 26(d) does not appear to authorize these technical objections, but it is not entirely clear.

[14] The first rule covering the subject matter of MCR 2.308(A)(1) was Court Rule No 35, § 6(d) (1945), adopted in 1952. 334 Mich xli (1952). Section 6(d) and § 6(d)(2) were then identical to the parallel provisions of the federal rule, then FR Civ P 26(d)(1) and (2). The rule was amended in the comprehensive revision of 1963, emerging as GCR 1963, 302.4(1)-(3). The 1985 version, MCR 2.308(A)(1)(a)-(c), is virtually identical to the 1963 version.

The federal rule still contains such a provision, found within Rule 32 under the heading "Objections to Admissibility." FR Civ P 32(b).[15] Michigan, however, in the first major revision of court rules following adoption of the Rules of Evidence, deleted the phrase from its subsection labeled "Objections to Admissibility." MCR 2.308(B). The comment which accompanied the proposed revision stated that the language was being deleted "because this area is now covered by MRE 804." 402A Mich 194 (1978).[16]

The comment indicating that admissibility is now "covered by MRE 804" accords with MRE 802: "Hearsay is not admissible except as provided by these rules." In contrast, the Federal Rules of Evidence state that hearsay is not admissible except as provided by the rules of evidence *"or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."* FRE 802. Obviously, the cross reference harmonizes the Federal Rules of Evidence with FR Civ P 32(a) which calls for the rules to be applied "as though the witness were then present and testifying," the critical phrase missing from our MCR 2.308(A)(1). See 4A Moore, Federal Practice (2d ed), ¶ 32.02[1], p 32-11.

Despite these differences between our rule and the federal rule, the question whether our court rule is to be construed in the same way as the federal rule has remained open. On numerous occasions Michigan appellate courts have taken

[15] Wright and Miller describe this provision as "reinforc[ing]" the phrase "applied as though the witness were then present and testifying" in FR Civ P 32(a). Wright & Miller, *supra*, p 453.

[16] While acknowledging this comment, Martin, Dean & Webster, nevertheless conclude that "[n]o significance" should be attached to the deletion of the phrase. Michigan Court Rules Practice (3d ed), Rule 2.308, n 5, p 285.

note of the phrase "so far as admissible under the
rules of evidence" in MCR 2.308(A)(1), but none
has addressed the question now before us.[17]

                            IV

   Plaintiff would have us construe the phrase "so
far as admissible under the rules of evidence" in
MCR 2.308(A)(1) as if it were modified by the
words "applied as though the witness were then
present and testifying," even though this Court
has declined thus far to adopt such a qualification,
and has, in fact, deleted similar wording in an-
other subsection of MCR 2.308. The plain language
and history of the rule tend to point against the
interpretation urged by plaintiff; however, the de-
cision we reach today is also based on broader
grounds.
   We are instructed to construe our rules so as "to
secure the *just,* speedy, and economical determina-
tion of every action and to avoid the consequences
of error that does not affect the subtantial rights
of the parties." (Emphasis supplied.) MCR 1.105. If
we were to hold with plaintiff that MCR
2.308(A)(1)(b) makes Ms. Dudash's deposition ad-
missible as substantive evidence against her for-
mer employer, we would be negating, or amending
by implication, MRE 801(d)(2)(D), which precludes
such use of her deposition because the statements
set forth therein were not made "during the exis-
tence of the [employment] relationship."
   In effect, this case requires us to choose between
(1) a holding that would preserve traditional hear-

───────────────
[17] See, for example, *Banaszkiewicz v Baun,* 359 Mich 109, 115; 101
NW2d 306 (1960), *Insealator, Inc v Wallace,* 357 Mich 233, 252; 98 NW2d
643 (1959), *Kueppers v Chrysler Corp,* 108 Mich App 192, 205; 310 NW2d
327 (1981), *Fassihi v St Mary Hosp of Livonia,* 121 Mich App 11, 13; 328
NW2d 132 (1982), *Beachum,* n 11, *supra,* and *Lenzo v Maren Engineering
Corp,* 132 Mich App 362, 366; 347 NW2d 32 (1984).

say protection set forth in MRE 801(d)(2)(D), or (2) the interpretation of MCR 2.308(A)(1) urged by plaintiff which would establish the court rule as an independent hearsay exception. For assistance in determining whether plaintiff's interpretation would be "just," we turn to a closer examination of the history and policy considerations which underlie each of the rules: MRE 801(d)(2)(D) and MCR 2.308(A)(1)(b).

### A. MRE 801(d)(2)(D)

Under the common-law rules of evidence, as well as under the Uniform Rules of Evidence, the statement of a party's employee is admissible as a nonhearsay admission of the party only if the statement meets the usual test of agency, that is, it was made by the employee *while acting* in the scope of employment. Uniform Rules of Evidence, 13 ULA, Rule 801(d)(2)(iv), p 682. The Michigan Rules of Evidence and the Federal Rules of Evidence have liberalized the traditional rule somewhat by providing that such a statement is to be treated as nonhearsay even if it merely *concerns* a matter within the scope of employment. However, at the same time, the liberalized rules have carefully retained the important qualification that the statement by an employee must have been made during the existence of the employment relationship.[18] This venerable qualification would be negated if we were to hold that subparagraph (b) stands as an independent exception to the hearsay rule.

Until today, this Court has not been required to defend the principle embodied in that qualifica-

---

[18] See, for example, *North v Metz*, 57 Mich 612, 615; 24 NW 759 (1885), in which CHAMPLIN, J., condemned as "grave error[ ]" the admission in evidence against the defendant of a certificate signed by a witness after the witness had ceased to be employed by the defendant.

tion. It is axiomatic that the hearsay rule is designed to assure that evidence considered by the trier of fact has been subjected, with limited exceptions, to the test of cross-examination at trial. The hearsay exceptions set forth in MRE 803 and 804 offer, at least theoretically, some independent bases of reliability to compensate for the fact that the declarant of a hearsay statement is not available to be cross-examined before the trier of fact. On the other hand, the statement made by a party-opponent, denominated "nonhearsay," represents a rare exception in that it embodies no inherent assurance of trustworthiness.[19] McCormick, Evidence (3d ed), § 262, p 775. See also Strahorn, *A reconsideration of the hearsay rule and admissions,* 85 U Pa L R 484, 564 (1937), and Advisory Committee Note, FRE 801.

The rationale for admitting a party-opponent statement, despite the hearsay rule, "rests not upon any notion that the circumstances in which it was made furnish the trier means of evaluating it fairly, but upon the adversary theory of litigation. A party can hardly object that he had no opportunity to cross-examine himself or that he is unworthy of credence save when speaking under sanction of an oath." Morgan, Basic Problems of Evidence 266.

---

[19] The rationale for the nonhearsay status of statements by party opponents is often confused with the rationale for statements against interest, MRE 804(b)(3), the presumed reliability of which is based on the converse of the proposition that lies are motivated by self-interest. The confusion is understandable given that the rule is referred to as the "party-opponent *admission*" rule, despite the fact that a statement need not be an "admission" in the ordinary meaning of the word to qualify as a "party-opponent admission." Although party-opponent admissions frequently do fall within the category of statements against interest, this is not necessarily the case. Party-opponent admissions need not be statements against interest at all to be admissible, nor, when they *are* statements which can be construed as against the interest of the party is it necessary, as under the statements-against-interest exception, that the statements have been against the party's interest at the time they were made.

To put it more colloquially, the admissibility of a party-opponent statement springs from a sense of fundamental fairness captured in the phrase, "You said it; you're stuck with it." The hearsay rule operates to prevent a party from being "stuck" with what *others* have said without an opportunity to challenge them directly before the trier of fact. However, there is no reason, given the adversarial nature of our system, to extend the rule's protection to a party's own statements. In the more elegant words of nineteenth century jurisprudence: "[T]he general rule is—and it has few exceptions— that a man's acts, conduct, and declarations, wherever made, provided they be voluntary, are admissible against him, as it is fair to presume they correspond with the truth; and it is his fault if they do not." *Truby v Seybert,* 12 Pa 101, 104 (1849).

While this rationale explains why a party's *own* statements are admissible against him despite the hearsay rule, such an explanation is less satisfying when the statement is made by the party's agent or servant. Nevertheless, the rationale continues to apply, albeit with diminished force. In this area, as in other areas of the law, we hold persons responsible for their choice of an agent or employee, and consequently for words spoken and actions taken by those they have chosen, during the period of time they choose to maintain the relationship.

Although justification for the party-opponent admission has been extended without undue discomfort to statements of agents and employees made during the existence of their relationship with the party, we believe the rationale would be stretched beyond the breaking point if, after the relationship is terminated, any subsequent statement made by a former employee were to be

treated for evidentiary purposes as if it were the employer's own statement. To return to our colloquialism, the fundamental fairness of "sticking" an employer with an employee's statement is served only if the statement is made by one who is an employee at the time the statement is made.[20] The fairness problem is compounded by the fact that it is not unknown for an employee, after termination of the relationship, to be hostile to a former employer.[21]

The instant case requires us to consider whether this analysis is significantly altered by the single fact that an ex-employee's statement is made via deposition.

### B. MCR 2.308(A)(1)(b)

Having examined the reasoning which supports

[20] Discussing the use of an employee's deposition as evidence against an employer at trial, Professor Friedenthal writes, "[a]rguably, the employer has the opportunity to consult with an employee prior to discovery, so that the employee's statements, made under oath, will not be inadvertent or misleading and thus can be utilized fairly against the party." Friedenthal, Kane & Miller, Civil Procedure, § 7.17, p 419.

A majority of jurisdictions, however, do not specially authorize the use of a current employee's deposition testimony against the employer, much less a former employee, because of a concern that an ordinary employee is not subject to much control by the employer. Instead, they treat an employee's statements as those of an ordinary witness for purposes of deciding whether they may be used as evidence at trial. *Id.*

Among those few jurisdictions whose court rules *do* classify an employee's deposition testimony as that of an adverse witness, all require that the employee have been in the employ of the party at the time the deposition was taken: California, § 2025(u); Connecticut, § 248; Minnesota, R 32; New York, R 3117; Wisconsin, R 804.07. Only under the court rules of Texas, which provide that "[e]vidence may be used by any person for any purpose against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof," could the deposition of a *former* employee be admitted as substantive evidence without a showing of unavailability. Texas, R 207.

[21] At least one federal court has pointed to this as a policy reason in explaining why FR Civ P 32(a)(2) authorizes the use of depositions as substantive evidence against an employer only when the deponent was in a position to speak for the employer at the time the deposition was taken. *King & King Enterprises v Champlin Petroleum Co*, 657 F2d 1147, 1164 (CA 10, 1981).

the protection from hearsay provided by MRE 801(d)(2)(D), we turn now to consider whether a different, supervening rationale undergirds MCR 2.308(A)(1)(b) that would justify removal of this protection with respect to an out-of-court deposition statement made by a former employee. A superficial review of the history of subparagraph (b) might suggest that this Court deliberately elected to make deposition testimony of ex-employees admissible despite the hearsay rule. Closer examination, however, reveals a different story.

Adopted in 1945, the original version of subparagraph (b) mirrored its federal counterpart and was compatible with limitations of the party-opponent admission provision of the Rules of Evidence.[22] However, the Michigan rule was significantly altered in 1963 when our court rules and statutes relating to the judiciary were the subject of a comprehensive revision. Differing thereafter in important respects from its federal counterpart, the Michigan version which emerged in 1963 was identical to the present MCR 2.308(A)(1)(b). Committee comment accompanying the 1963 revision observed that the language of the provision that is now MCR 2.308(A)(1)(b) had been modified

> so as to be consistent with [MCL 617.66] Mich Stats Ann 27.915 [replaced by MCL 600.2161; MSA 27A.2161] dealing with the right to call an adverse party as a witness at trial. The resulting change is that the deposition of any agent or employee of a party (rather than just "managing agents") may be used for any purpose. Furthermore, the provi-

---

[22] The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership or association which is a party may be used by an adverse party for any purpose. [Court Rule No 35, § 6(d)(2) (1945).]

sion applies to agents or employees who were such
at the time of the transaction out of which the
action arose as well as agents or employees as of
the time the deposition was taken. [2 Honigman &
Hawkins, Michigan Court Rules Annotated (2d ed),
Committee Notes, GCR 1963, 302.4(2), p 56.]

Of course, this Court is not bound by the state-
ments of those who served on a committee and
proposed rule changes. Nevertheless, their com-
ments can be helpful in understanding the pur-
poses which underlie such a rule change. In this
instance, the committee comment states that our
departure from the Federal Rules of Civil Proce-
dure was made to bring the provision into con-
formity with the adverse party statute.[23] The focus
of that statute is not on the admissibility of testi-
mony in general, but rather on the latitude al-
lowed in questioning a presumptively adverse wit-
ness and the effect of an adverse witness' answers
on the calling party's ability to introduce other
evidence.

A traditional common-law rule is that parties
are "bound" by the testimony of the witnesses
they call. 3A Wigmore, Evidence (Chadbourn rev),
§§ 896-918. In accordance with that rule, it was
widely held, prior to enactment of the adverse
party statute in 1909,[24] that parties were not al-

[23] In any suit or proceeding in any court in this state, either party,
if he shall call as a witness in his behalf, the opposite party, em-
ployee or agent of said opposite party, or any person who at the
time of the happening of the transaction out of which such suit or
proceeding grew, was an employee or agent of the opposite party,
shall have the right to cross-examine such witness the same as if he
were called by the opposite party; and the answers of such witness
shall not interfere with the right of such party to introduce evi-
dence upon any issue involved in such suit or proceeding, and the
party so calling and examining such witness shall not be bound to
accept such answers as true. [MCL 600.2161; MSA 27A.2161.]

[24] 1909 PA 307.

lowed to cross-examine or impeach the credibility
of their own witnesses. The adverse party statute
introduced an exception. *Fleegar v Consumers
Power Co,* 262 Mich 537, 540-541; 247 NW 741
(1933). "The purpose of this statute is to permit
the calling as a witness of the opposite party or his
agent or employee with the same privileges of
cross-examination and contradiction as though
such witness had been called by the opposite
party." *Kovich v Church & Church, Inc,* 267 Mich
640, 644; 255 NW 421 (1934).

While the effect of the adverse party statute is
not inconsequential, its deviation from the com-
mon law of agency does not have the same force as
would a similar departure in the context of party-
opponent admissions. Thus it is not surprising that
the adverse party statute was never held to abro-
gate the common-law predecessor to the party-op-
ponent admission rule—the hearsay requirement
that a statement by an employee of a party is
admissible as the admission of a party-opponent
only if the employee could be said to be speaking
as an agent of the party when the statement was
made. See, for example, *Kalamazoo Yellow Cab Co
v Kalamazoo Circuit Judge,* 363 Mich 384; 109
NW2d 821 (1961), decided long after enactment in
1909 of the adverse party statute.

In departing from the language of the federal
rule to make what is now subparagraph (b) consis-
tent with the adverse party statute, it thus ap-
pears that the drafters of the 1963 court rules,
faced with an apparent conflict between the court
rules and a statute, looked at the subrule as a
means of applying the policy underlying the ad-
verse party statute to depositions given by adverse
witnesses, thus freeing parties from the shackles of
the common-law rule concerning cross-examining

one's own witness.[25] There is no evidence that, in making this change, they viewed the provision as a vehicle for overcoming the limitations of the traditional rule of evidence concerning admissions by party-opponents. Furthermore, this explanation has the attraction of harmonizing MCR 2.308(A)(1)(b), which focuses upon the depositions of adverse witnesses, with the adverse party statute, without bringing it into conflict with the Rules of Evidence.

Our conclusion that the change in the court rule was not intended to override the traditional limitations of the party opponent admission rule is buttressed by *Ruhala v Roby,* 379 Mich 102; 150 NW2d 146 (1967), in which use by the plaintiff of a defendant's deposition as evidence at trial was contested because the defendant was present in court. The instant plaintiff contends that her case is supported by *Ruhala* because that Court admitted the deposition without a showing that the deponent was unavailable to testify at trial. Un-

---

[25] This explanation of the purpose of the change in GCR 1963, 302.4 is reinforced by a subsequent subparagraph, GCR 1963, 302.6, which provided:

Effect of Taking or Using Depositions. A party shall not be deemed to make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of impeaching the deponent makes the deponent the witness of the party introducing the deposition, but *this shall not apply to the use by an adverse party of a deposition as described in sub-rule 302.4(2)* [predecessor of 2.308(A)(1)(b)]. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party. [Emphasis supplied.]

With the adoption of the Michigan Rules of Evidence of 1978, MRE 607 abrogated GCR 1963, 302.6, the substance of which accordingly was deleted from the court rules in the revision of 1985. MRE 607 provides that the credibility of a witness may not be attacked by the party calling the witness unless the witness is an opposite party or employee or agent of the adverse party, or the witness' testimony was contrary to that anticipated and actually injurious to the calling party's case.

like the instant case, however, the deponent in *Ruhala* was a bona fide party-opponent, so the *Ruhala* Court was not presented with a hearsay problem. Consequently, the Court analyzed the problem in terms of the purposes of the adverse party statute rather than in terms of the independent operation of the hearsay rule. It described the subparagraph at issue[26] as "paralleling cross-examination of an adverse party," in contrast to the succeeding subparagraph,[27] which the Court described as operating to make the deponent the witness of the party calling him. *Id.*, p 113. Thus, the Court held that the deposition could be used as evidence without making the deponent the witness of the plaintiff. *Id.*

Plaintiff's contention that *Ruhala* supports her interpretation of MCR 2.308(A)(1) is thus mistaken.[28] Plaintiff assumes, incorrectly, that the class of deponents referred to in subparagraph (b) is identical to the class of witnesses described in MRE 801(d)(2)(D). It is not. The deponents referred to in MCR 2.308(A)(1)(b) may properly be characterized as adverse witnesses, but they are not necessarily party-opponents. To be so characterized, they must also meet the criteria of MRE 801(d)(2)(D).

Plaintiff's reliance on *Chapman v Buder*, 14 Mich App 13; 165 NW2d 436 (1968), lv den 381 Mich 798 (1969), and *Kuisel v Farrar*, 6 Mich App

---

[26] GCR 1963, 302.4(2), the identical, immediate predecessor of MCR 2.308(A)(1)(b).

[27] GCR 1963, 302.4(3), the identical, immediate predecessor of MCR 2.308(A)(1)(c).

[28] In *Socha v Passino*, n 9 *supra*, also cited by plaintiff, the deposition sought to be admitted was also that of a party-opponent, so the question of conflict was not raised. *Socha* is inapposite for another reason as well. Rather than endorsing the preëminence of the court rule in the face of conflict with the Rules of Evidence, *Socha* explicates the *method* by which deposition testimony is to be introduced into evidence at trial. *Id.*, pp 468-470.

560; 149 NW2d 894 (1967), lv den 379 Mich 770 (1967), is similarly misplaced. In both of these cases, as in *Ruhala,* the deposition sought to be used was the deposition of a party-opponent, not merely an adverse witness. None of these cases thus presented the appellate court with the choice we face today between construing MCR 2.308(A)(1) so as to confine subparagraph (b) within the bounds of the party-opponent admission rule or expanding it beyond the limitations of that rule.

In summary, a review of the history of subparagraph (b) reveals that the 1963 revision which gave rise to the present misfit between MCR 2.308(A)(1)(b) and MRE 801(d)(2)(D) did not stem from a decision to deviate from limitations of the party-opponent admission Rule of Evidence, but rather from a desire to coördinate the court rule with the adverse party statute.[29] The authority conferred by that statute to cross-examine a witness in contravention of common-law restrictions has never been held to overcome objections to the witness' testimony based on the hearsay rule.

---

[29] We do not mean to imply that the 1963 amendment to the court rule was intended, or otherwise should be construed, to resolve the issue of primacy in the case of conflict between this court rule and the Rules of Evidence. Our review of the history of the rule shows that this Court, in contrast to the federal judiciary, has never explicitly declared how such conflicts should be resolved. When the first court rules were adopted, the Rules of Evidence were not codified, and the provisions of the court rules did not pose any conflict with the common-law rules of evidence. Thus it cannot be said that the purpose of the court rule was to define admissibility of deposition testimony apart from, and superior to, the rules of evidence. Further, as noted, when the Rules of Evidence were codified in 1978, they provided that "[h]earsay is not admissible except as provided by these rules." MRE 802. Even assuming, arguendo, that there existed a reasonable inference prior to 1978 that the court rule provided an avenue of admissibility of depositions in contravention of the limitations of the rules of evidence, MRE 802 can easily be construed as a "repeal" of such an inference. That construction is reinforced by the deletion of the phrase "if the witness were then present and testifying" from the 1985 version of MCR 2.308(B). See *ante,* pp 770–771.

V

The hearsay rule is a concrete expression of the common-law preference for in-court oral testimony subject to cross-examination. Our Rules of Evidence preserve this preference. Indeed, this Court has expressed that preference more emphatically than the federal judiciary by rejecting the federal approach which allows some hearsay that does not fall within defined exceptions to be admissible, at the discretion of the trial judge, under two "catch-all" exceptions to the hearsay rule, FRE 803(24) and 804(b)(5). See MRE 803, note (6).

The importance of preferring in-court presentation of live testimony subject to cross-examination can be illustrated by circumstances in the instant case. Ms. Dudash began working for the defendant in June of 1979. According to her deposition testimony, Mr. Grandstaff frequently patronized the bar while she was working there. Ms. Dudash's ability to tie her account of Mr. Grandstaff's drinking to the particular evening of the accident is critical to the relevance of her testimony.

The deposition was taken in June, 1983. Even though this was more than three years after Mr. Shields' death, it was relatively early in the discovery phase of the case. The trial was still over two years away. When her deposition was taken, Ms. Dudash testified that one of the reasons she recalled the date of the events was because a "big, big freaky ice storm" had occurred the night before. Defendant's counsel understandably was unprepared at that point to confront her with weather reports he later obtained which, he claims, show that the ice storm to which she referred had actually occurred the previous year.

Clearly, the effectiveness of cross-examination which an attorney is able to conduct at the infor-

mation-gathering stage of a case cannot be equated with the potential effectiveness of more informed cross-examination at trial in the presence of a jury. Furthermore, the truth-finding value of live testimony by Ms. Dudash would have been greater than a mere reading of her deposition, just as her cross-examination at trial would likely have been more enlightening than mere impeachment of the deposition by a reading of weather reports.

Of course, the conclusion we reach concerning independent admissibility does not render such a deposition valueless at trial. If Ms. Dudash had testified at trial, her deposition would have been available as necessary to refresh her memory under MRE 612 or 803(5), or for impeachment purposes as authorized by MRE 613 and MCR 2.308(A)(1)(a).

VI

This Court does not lightly adopt a position at odds with the federal rules, after which our rules are patterned. Our analysis of the policy considerations behind the party-opponent admission rule, MRE 801(d)(2), and subparagraph (b), leads us to conclude that this Court should not adopt a strained construction which would turn MCR 2.308(A)(1)(b) into an independent exception to the hearsay rule.

Despite this inconsistency with the federal rules on a technical point, it is noteworthy that our ruling does not disturb a substantive harmony between the Michigan and federal rules of civil procedure and evidence. This is illustrated by the fact that Ms. Dudash's deposition would have met the same evidentiary fate in federal court at the hands of the federal rules as under our holding today, because Ms. Dudash does not qualify as one

of the deponents described in FR Civ P 32(a)(2).
Not only does the federal rule fail to include
former employees such as Ms. Dudash, it excludes
employees of a party in general, limiting its scope
to a deponent who is authorized to speak at the
time of the deposition on behalf of a public or
private corporation, partnership or association or
governmental agency as "an officer, director, or
*managing* agent, or a person designated . . . to
testify . . . ." See Appendix A. Thus, unlike MCR
2.308(A)(1)(b), the federal rule, FR Civ P 32(a)(2), is
not in conflict with the party-opponent admission
rule of evidence.[30]

## VII

For the reasons set forth, we decline to adopt
the construction of MCR 2.308(A)(1)(b) urged upon
us by plaintiff, which would negate significant
protection against hearsay provided under MRE
801(d)(2)(D).[31] Rather, we hold that the deposition
testimony of a person who was employed by a
party at the time of the occurrence out of which
an action arose, but who was no longer employed
by the party when the deposition was taken, is not
admissible in evidence without a finding that the
deponent is unavailable to testify at trial.

The judgment of the Court of Appeals is affirmed.

## VIII

Our deliberations in this case have persuaded us

[30] The federal party-opponent admission provision, FRE 801(d)(2)(D) is
identical to Michigan's party-opponent admission provision, MRE
801(d)(2)(D).

[31] Since plaintiff made no attempt to show that Ms. Dudash was "unavailable" to testify under either MCR 2.308(A)(1)(c) or MRE 804, we do
not reach the question of supremacy in the event of a conflict between
these two provisions.

that rules governing the evidentiary use of depositions ought to be consolidated in the Rules of Evidence. That conclusion is consistent with a proposal to amend MCR 2.308(A) that was published for comment July 27, 1987. 428 Mich 1219. The intent of the proposal was to eliminate the overlap and possibility of conflict between MCR 2.308(A) and the Rules of Evidence. We take this opportunity to adopt the proposed amendment, as published.

In addition, the comments received in response to the published proposal have persuaded us that the Rules of Evidence should incorporate some of what until now has been found in MCR 2.308(A). Accordingly, we also adopt today an amendment of MRE 804(b).[32]

The texts of the amended rules appear in Appendices B and C. These amendments will take effect December 1, 1989.

RILEY, C.J., and BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with GRIFFIN, J.

### APPENDIX A

| MCR 2.308(A)(1) | FR Civ P 32(a) |
|---|---|
| (A) In General. (1) At the trial, or the hearing on a motion, or a preliminary proceeding, a part or all of a deposition so far as admissible under the rules of evidence | (a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and |
| may be used against a party who was present or represented at the taking of the deposition or had | testifying, may be used against any party who was present or represented at the taking of the deposition or who had |

---

[32] The amendment of MRE 804(b) has not been published for comment. We have omitted that step in this instance because we believe it best to adopt both amendments simultaneously with the release of our opinion.

reasonable notice of it, in accordance with any of the following provisions:

   (b) The deposition of a party or anyone who at the time of <u>the transaction or occurrence out of which the action arose</u> or at the time of taking the deposition was an officer, director, <u>employee,</u> or agent of a party

may be used by an adverse party for any purpose.

reasonable notice thereof, in accordance with any of the following provisions:

   (2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or <u>managing</u> agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of public or private corporation, partnership or association or governmental agency which is a party

may be used by an adverse party for any purpose.

(Emphasis supplied.)

## APPENDIX B

### REVISED MCR 2.308
### USE OF DEPOSITIONS IN COURT PROCEEDINGS

(A) In General.

Depositions or parts thereof shall be admissible at trial or on the hearing of a motion or in an interlocutory proceeding only as provided in the Michigan Rules of Evidence.

(B) – (C) [Unchanged.]

APPENDIX C

REVISED MRE 804
HEARSAY EXCEPTIONS; DECLARANT UNAVAILABLE

(a) [Unchanged.]

(b) Hearsay Exceptions.

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) Former Testimony.

Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

(2) – (4) [Unchanged.]

(5) Deposition Testimony.

Testimony given as a witness in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

For purposes of this subsection only, "unavailability of a witness" also includes situations in which:

(A) The witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or

(B) On motion and notice, such exceptional circumstances exist as to make it desir-

> able, in the interests of justice, and with
> due regard to the importance of pre-
> senting the testimony of witnesses or-
> ally in open court, to allow the deposi-
> tion to be used.

LEVIN, J. (*separate opinion*). The transcript of Pa-
tricia Dudash's deposition testimony is indeed hear-
say in that it reflects out-of-court statements made by
her offered by the plaintiff in evidence to prove the
truth of the matter so asserted by her.[1] Once we move
on from that first level of hearsay, her deposition tes-
timony, reflected in that transcript, relating what
she observed, is not hearsay. If she had testified con-
cerning what someone else might have told her, that
would have been second-level hearsay. Because Du-
dash's deposition testimony concerned only what she
observed, the instant case concerns only first-level,
not second-level, hearsay.

Plaintiff's lawyer properly read Rule 2.308(A) as
providing a first-level hearsay exception for Patricia
Dudash's deposition testimony without regard to
whether she was available to testify at the trial. That
rule provides that a party may use at the trial "for
any . . . purpose" the "deposition so far as admissible
under the rules of evidence" of a person who was an
employee of another party "at the time of the trans-
action or occurrence out of which the action arose."

I would make the change in the meaning of Rule
2.308(A) and the amendments of the court rules and
the Rules of Evidence today adopted by the Court
fully prospective and remand for a new trial under
the new rule.

I

The Rules of Evidence concerning hearsay mainly
address the second-level hearsay question. There are

[1] MRE 801(c).

also provisions concerning first-level hearsay, the use of depositions. The first-level hearsay exceptions, in the Rules of Evidence, state that the deposition testimony of an expert witness is ordinarily admissible even though the witness is available to testify at the trial,[2] and that the deposition testimony of any witness is ordinarily admissible if the witness is unavailable,[3] defined as including where the witness has died or is physically or mentally ill or infirm or the proponent has been unable to procure the witness' attendance.[4]

Court Rule 2.308(A) states overlapping rules regarding first-level hearsay (the use of deposition testimony), providing in effect that in certain instances the deposition is admissible without regard to whether the witness is available.

The clause, in Rule 2.308(A), "so far as admissible under the rules of evidence," concerns evidentiary questions, for example, second-level hearsay questions, other than the first-level hearsay question. To read Rule 2.308(A) otherwise is to read it into oblivion. To read "so far as admissible under the rules of evidence" as barring a deposition unless it is admissible under the Rules of Evidence is to read it as saying that a deposition of a witness may be used under 2.308(A) only if it also may be used under another rule—the Rules of Evidence; so read, Rule 2.308(A) is superfluous.

If the deposition testimony of a person who is not an expert, *admissible under the terms* of Rule 2.308(A), is nevertheless not admissible *because it constitutes hearsay (first-level hearsay)*, unless it ceases to be first-level hearsay by reason of the hearsay definition or an exception in the Rules of Evi-

---

[2] MRE 803(18).

[3] MRE 804(b).

[4] MRE 804(a)(4), (5).

dence, then Rule 2.308(A) might as well be a blank page.

If "so far as admissible under the rules of evidence" means, as the majority today holds, that the deposition of an employee "who at the time of the transaction or occurrence out of which the action arose"[5] is not admissible unless either not hearsay or within a hearsay exception under the Rules of Evidence, then

> —deposition of a person who was an "officer, director, employee, or agent of a party" "at the time of taking the deposition"[6] is not admissible unless the deposition concerns "a matter within the scope of his agency or employment"; and[7]

> —the deposition testimony of a witness who resides at a distance greater than fifty miles from the place of the trial[8] is not admissible unless either admissible under the first-level hearsay exceptions in the Rules of Evidence for unavailable witnesses, which do not include distance from the place of trial within the definition of unavailability, or some other hearsay exception or exclusion from the hearsay definition perchance applies.[9]

## II

The Court is today amending the court rules and the Rules of Evidence to rectify the manifest implications of today's decision regarding the fifty-mile rule

---

[5] MCR 2.308(A)(1)(b).

[6] MCR 2.308(A)(1)(b).

[7] MRE 801(d)(2)(D).

[8] MCR 2.308(A)(1)(c)(iii).

[9] See text accompanying n 4.

and the admissibility of the deposition of a person who was an officer, director, employee or agent of a party *either* at the time of taking the deposition or at the time of the transaction or occurrence.[10]

The Court should make today's rule-changing decision and the amendment of the court rules and Rules of Evidence fully prospective so as not to defeat the expectations of the bench and bar who understandably took Rule 2.308(A) at face value: as overlapping, but not inconsistent with, the Rules of Evidence—as providing more generally regarding the first-level hearsay problem than the Rules of Evidence.

Lawyers and judges properly read Rule 2.308(A) as providing a first-level hearsay exception for "[t]he deposition of a party or anyone who at the time of the transaction or occurrence out of which the action arose or at the time of taking the deposition was an officer, director, employee, or agent of a party"[11] without regard to whether the witness was available and thus without any need to show that the witness was dead, physically or mentally ill or infirm, or his attendance could not be procured, or, in the case of an agent or servant, that the deposition concerned a matter within the scope of his agency or employment.

III

The wisdom of some of the specific provisions of Rule 2.308(A) may indeed be debatable. The Court adopted the rule and a majority can change it. The Court, having adopted Rule 2.308(A), is responsible for any resulting obscurity in meaning. With respect, I do not believe there is any obscurity. The Court should in fairness make today's rule-changing decision fully prospective.

I would remand for a new trial under the new rule.

---

[10] See text accompanying n 7.

[11] MCR 2.308(A)(1)(b).

ARCHER, J. (*dissenting*). This Court granted leave to appeal to reconcile the conflicting prerequisites of MCR 2.308(A)(1)[1] and the Michigan Rules of Evidence regarding the admissibility of a deposition at trial. I would hold that the trial court erred in excluding the deposition because it was properly admissible pursuant to MCR 2.308(A)(1)(b). However, the contents of the deposition should have been subject to consideration under the hearsay rules as provided within MCR 2.308(A). Accordingly, I would reverse the decisions of the trial court and the Court of Appeals.

### FACTUAL AND PROCEDURAL BACKGROUND

I concur with Justice GRIFFIN's recitation of the facts in this case.

I

The question before us today requires us to examine the interplay between the Michigan Court Rules and the Rules of Evidence concerning the use and grounds for admission of depositions. Plaintiff argues that the court rule at issue here be applied in a fashion similar to that of Federal Rule of Civil Procedure

---

[1] MCR 2.308(A)(1) provides:

(A) In General.

(1) At the trial, or the hearing on a motion, or a preliminary proceeding, a part or all of a deposition so far as admissible under the rules of evidence may be used against a party who was present or represented at the taking of the deposition or had reasonable notice of it, in accordance with any of the following provisions:

\* \* \*

(b) The deposition of a party or anyone who at the time of the transaction or occurrence out of which the action arose or at the time of taking the deposition was an officer, director, employee, or agent of a party may be used by an adverse party for any purpose.

32(a).[2] However, upon examination of the federal provision, it is readily distinguishable from the development of MCR 2.308(A)(1). With regard to the federal rule, there is no question that it serves as an independent basis for the admission of a deposition. It is well settled that a deposition's compliance with Rule 32 prerequisites cures any potential hearsay objection pursuant to Federal Rule of Evidence 802. See, e.g., *United States v IBM,* 90 FRD 377 (1981).[3]

Further, MCR 2.308(A)(1) lacks the language concerning the application of the rule, i.e., as "though the witness were then present and testifying," that is present in its federal counterpart. However, the historical basis for the absence of this language, as thoroughly documented by the majority, remains inconclusive upon the issue whether the court rule is to be applied in a fashion comparable to the use of Federal Rule 32.

In light of a nondefinitive history concerning the absence of this language from the present day MCR 2.308, at issue is whether the admission of a deposition pursuant to the instant court rule serves to undermine the preëminence of the evidentiary rules

---

[2]    (a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

* * *

(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

[3] For a listing of additional federal rules and acts of Congress which serve as exceptions to FRE 802 concerning the admissibility of depositions and other affidavits, see 4 Weinstein & Berger, Evidence, pp 802-1 to 802-2.

concerning the use of evidentiary material at trial. I observe that in light of the court rule's development, the position advocated by the plaintiff best harmonizes the rules of procedure and MRE 802's mandate that evidence which constitutes hearsay shall be found to be admissible only pursuant to the evidentiary rules.

I construe MCR 2.308(A)(1)(b) to call for a two-fold consideration by a trial court. Initially, the trial court may look to the court rules to determine whether the deposition as a document, i.e., irrespective of its contents, may potentially be admissible where the deponent was an employee at the time of the transaction or occurrence giving rise to the litigation. However, once this document is determined to be admissible, the court rule then provides that the extent of this admissibility is limited by the Rules of Evidence. It is at this point that the trial court must consider the substantive *content* of the deposition and determine the basis upon which a party seeks to introduce the deponent's statements at trial. I find that this construction strikes an acceptable balance between the hearsay rules and MCR 2.308(A)(1), and does not serve to make the court rule an exception de facto to the evidentiary provisions as the substance of the deposition remains subject to the scrutiny of MRE 801-804.

In the instant case, the majority correctly observes that due to the plaintiff's failure to establish Ms. Dudash's unavailability at trial, the deposition as a whole would not be admissible pursuant to MRE 804(a)(1)-(5).[4] The lower court record fails to reveal

---

[4]  (a) Definition of Unavailability. "Unavailability as a witness" includes situations in which the declarant—

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or

(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3) has a lack of memory of the subject matter of his statement; or

any attempt by the plaintiff to establish a factual record as to the basis of Ms. Dudash's absence at trial. Further, the entire text of Ms. Dudash's statements would not be admissible as nonhearsay pursuant to MRE 801(d)(2)(D)[5] given the fact that she was not an agent or servant of the defendant at the time which the deposition was taken.

Nonetheless, irrespective of the evidentiary tactics pursued here, I maintain that, as a matter of procedure, it would have been appropriate for the trial court to examine the deposition and redact all material found to constitute hearsay.

### CONCLUSION

Therefore, I would hold that while the deposition in this case should have been admitted pursuant to MCR 2.308(A)(1), its substance should have been subjected to the scrutiny of the hearsay rules. Accordingly, the only portions of the deposition which should have been admitted are either those which constituted nonhearsay or in which the plaintiff es-

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), his attendance or testimony) by process or other reasonable means, and in a criminal case, due diligence is shown.

A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.

[5] (d) Statements which are not hearsay. A statement is not hearsay if—

* * *

(2) . . . The statement is offered against a party and is . . . (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship . . . .

tablished compliance with an exception to the hearsay rules. Therefore, I would reverse the decisions of the Court of Appeals and the trial court and remand the case for a new trial in accordance with this opinion.